**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- X
                                        :

JEFFREY O. SWOPE,                  :
                                          :

                  Plaintiff,          :      Case No. 07 CV 6921 (BSJ)
                                          :

                  vs.                :      (Removal from the New York
                                          :      Supreme Court, County of New

FIDUCIARY ASSET MANAGEMENT, L.L.C.,      :      York, Index No. 109027/07)
                                          :

                  Defendant.         :      (*ECF Case*)
                                          :
-------------------------------------------------------------- X

## DEFENDANT'S NOTICE OF REMOVAL

        PLEASE TAKE NOTICE that Defendant, Fiduciary Asset Management, L.L.C.

("Defendant" or the "Company"), by its attorneys Schindler Cohen & Hochman, LLP, hereby

removes to this Court the lawsuit filed by Plaintiff, Jeffrey O. Swope ("Plaintiff" or "Swope"),

against the Company in the New York Supreme Court, County of New York, Index No.

109027/07.  In support of removal, Defendant states as follows:

        1.       On June 29, 2007, Plaintiff filed this civil action against Defendant in the New

York Supreme Court, County of New York.  A copy of all processes, pleadings, and orders

served upon Defendant in this action is attached hereto as ***Exhibit A***, in accordance with 28

U.S.C. § 1446(a).

        2.       Defendant was served with process in this action on July 5, 2007.

        3.       In accordance with 28 U.S.C. § 1446(b), Defendant has filed timely this notice of

removal within less than 30 days after its receipt of Plaintiff's original complaint.

4.      In its Complaint, Plaintiff alleges his citizenship is in the State of New York. Plaintiff resides at 210 East 68th Street, Apt. 8AB, New York, New York 10021. Exhibit A (Complaint) ¶¶ 1, 4, 16.

5.      Plaintiff further accurately alleges that the Company is a corporation organized under the laws of the State of Missouri with its principal place of business in the State of Missouri. Defendant's principal place of business is located at 8112 Maryland Avenue, Suite 400, St. Louis, Missouri 63105. Exhibit A (Complaint) ¶ 2.

6.      Plaintiff has alleged actual damages of no less than $15,720,000 and punitive damages in excess of $250,000. Exhibit A (Complaint) ¶¶ 25-36 and Prayer for Relief.

7.      Because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

8.      Defendant will, after filing this Notice of Removal, promptly give notice thereof to Plaintiff and Defendant will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, as provided by law.

10.      In accordance with Local Rule 81.1(b), Defendant shall file with the Court Clerk a copy of all records and proceedings in the state court.

WHEREFORE, Defendant, having established diversity of citizenship jurisdiction,

removes this action and respectfully requests such other and further relief as this Court finds to

be just and proper.

Dated: New York, New York
      August 1, 2007

SCHINDLER COHEN & HOCHMAN LLP

By: _____

     Jonathan L. Hochman  (JH 7072)
     Matthew A. Katz  (MK 4252)

100 Wall Street
15th Floor
New York, New York  10005
(212) 277-6330
(212) 277-6333 (facsimile)

**OF COUNSEL:**

Stanley G. Schroeder
Robert W. Stewart
The Lowenbaum Partnership, L.L.C.
222 South Central Avenue, Suite 901
Clayton, MO 63105
(314) 746-4835 – Direct
(314) 746-4825 – Direct
(314) 863-0092 - Main
(314) 746-4848 - Fax
sschroeder@lowenbaumlaw.com
rstewart@lowenbaumlaw.com

*Attorneys for Defendant*
*Fiduciary Asset Management, L.L.C.*

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| JEFFREY O. SWOPE,<br><br>                                    Plaintiff,<br><br>VS.<br><br>FIDUCIARY ASSET MANAGEMENT,<br>LLC.,<br><br>                                    Defendant. | ) SUMMONS  *FB*<br>)<br>)<br>) Index No. 109027/07<br>) Date Index No. purchased: JUN 29 2007<br>)<br>)<br>) Plaintiff designates New York<br>) County as the place of trial.  The<br>) basis of venue is: 503(a) of the New<br>) York CPLR.  Plaintiff's resides at:<br>) 210 East 68th Street, Apartment<br>) 8AB, New York, New York 10021. |

TO THE ABOVE NAMED DEFENDANT:

        YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer on the Plaintiffs' attorney within twenty (20) days after service of this summons, exclusive of the date of service; or within thirty (30) days after the service is complete if the summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

        A copy of this Summons and Complaint was filed with the clerk of the court, New York County on _____ in compliance with CPLR § 305(a) and 306(a).

Dated: New York, New York
        June 26, 2007

NEW YORK
COUNTY CLERK'S OFFICE

JUN 29 2007

NOT COMPARED
WITH COPY FILED

SESSIONS LAMBERT SELWYN, LLP


Jennifer R. Lindsey
1700 Pacific Avenue, Suite 2250
Dallas, Texas 75201
Direct Line:  (214) 217-8040
Direct Fax Line:  (214) 217-8861

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |  |
|---|---|---|
| JEFFREY O. SWOPE, | ) | |
| | ) | |
| Plaintiff, | ) | Index No. |
| | ) | |
| VS. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| FIDUCIARY ASSET MANAGEMENT, | ) | |
| LLC., | ) | |
| | ) | |
| Defendant. | | |

### ORIGINAL COMPLAINT

Plaintiff, Jeffrey O. Swope ("Plaintiff"), by his attorneys, Sessions, Lambert &
Selwyn, LLP, complaining of Defendant, Fiduciary Asset Management, LLC
("Defendant" or "FAMCO"), alleges as follows:

### I. Parties

1.      Plaintiff is a resident of New York City, New York.

2.      Defendant is a limited liability company, organized under the laws of the
State of Missouri, having its principal place of business at 8112 Maryland Avenue, Ste.
400, St. Louis (Clayton), Missouri, 63105. Service upon Defendant may be made at
upon its registered agent, Charles D. Walbrandt, 8112 Maryland Avenue, Ste. 200, St.
Louis, Missouri, 63105.

### II. Jurisdiction And Venue

3.      Long-arm jurisdiction is appropriate over Defendant under § 302 of the
New York Civil Practice Law and Rules ("CPLR"), as Defendant: 1) transacts business
within this State and contracts to supply goods or services in this State; 2) regularly

NEW YORK
COUNTY CLERK'S OFFICE
JUN 29 2007
NOT COMPARED
WITH COPY FILED

does or solicits business, or engages in other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State; and 3) committed tortious acts outside of this State causing injury to Plaintiff in this State.

4.    Venue is proper in this Court pursuant to CPLR §§ 503 & 509 as a substantial amount of events took place in New York City, New York and the Plaintiff resides in New York City, New York.

### III. Facts

5.    FAMCO is an independent, employee-owned, registered investment advisor limited liability corporation that manages a wide range of institutional equity portfolios, hedged equity, a hedge fund, and fixed-income products. It currently boasts managing Sixteen and a Half Billion Dollars and 00/100 ($16,500,000,000.00) in assets for public, corporate, endowment & foundation, Taft-Hartley and private wealth clients.

6.    Prior to joining FAMCO in 2002, Mr. Swope was a Managing Director with ICRM in San Francisco and a Vice President of Institutional Marketing with Provident Investment Counsel in Pasadena, California. He holds a Bachelor of Arts in Economics from the Frost School of Business at Centenary College. He is a member of the CFA Institute, and Association for Investment Management Sales Executives (AIMSE) and has passed the NASD Uniform Securities Agent State Law (Series 63), the General Securities Representative (Series 7), and the Uniform Investment Advisor Law (Series 65) examinations. He has worked in the Investment Industry his entire

career and has held senior management positions with securities brokerage, trust, and investment management firms.

7.    On or about March 29, 2002, Defendant made a written offer of employment to Plaintiff. In the offer of employment, Plaintiff was guaranteed, among other things, commission on revenue from assets raised based on quarterly billing of fees to clients and the potential for ownership in the company. This offer specifically outlined that Plaintiff was to receive commissions on revenue even after several years from when the client was initially procured. He also was guaranteed a substantial base salary.

8.    Plaintiff accepted Defendant's offer and in April of 2002, Plaintiff began working for Defendant in New Orleans, Louisiana, as Senior Vice President, Director of Marketing and Client Relations.

9.    Upon information and belief, prior to Plaintiff beginning his employment with FAMCO, FAMCO had never had an internal marketing department. Because it had for many years lacked a substantial growth in assets, it instituted a marketing department and made a conscious decision to hire someone of Plaintiff's experience to bring in institutional investors and hence, more revenue to the company.

10.    Plaintiff did just that. Throughout his four years as the Director of Marketing and Sales, Plaintiff brought in over twenty institutional investors which in turn brought in an annualized revenue of approximately Five Million Dollars and 00/100 ($5,000,000.00) each year for FAMCO. Some of these investors invested with FAMCO as a direct result of Plaintiff's working relationships he had established

in New York City. Some of the revenue each year was also attributed to Plaintiff's working relationships he had with brokerage firms in New York City.

11.    Eventually, FAMCO, not wanting to pay the exorbitant taxes associated with Plaintiff's substantial commission checks, formed a "S" corporation on Plaintiff's behalf to fund all commissions paid to Plaintiff over Two Hundred Five Thousand Dollars and 00/100 ($205,000.00). Plaintiff was making nearly a million dollars in commissions at this juncture.

12.    In the beginning of 2005, FAMCO's CEO, Charles Walbrandt, confided in Plaintiff that he wanted to sell the company and asked him whether he had any potential contacts that would be interested. Plaintiff introduced Mr. Walbrandt to New York-based UBS's Investment Banking Division to discuss possible options to sell the company, which cultivated into an agreement between the parties in May of 2005.

13.    Realizing the benefits the Plaintiff had contributed to FAMCO over the years and as initially promised to Plaintiff and in anticipation of a buyout, in June of 2005, Charles Walbrandt, awarded Plaintiff and four other FAMCO employees an 8% membership interest. At least two of these employees helped start FAMCO in 1994 and worked previously with Mr. Walbrandt at General Dynamics. Another employee's father was on the advisory board of FAMCO and had previously served as the Chief Financial Officer of General Dynamics. The remaining employee is Mr. Walbrandt's son-in-law.

14.    At the time Mr. Walbrandt transferred his interests in the company to these individuals, he estimated 8% of the company to be valued at approximately Thirteen Million Dollars and 00/100 ($13,000,000.00). He specifically told Plaintiff

that he would work out a structure with the buy-out company that would require it to buy a portion of Plaintiff's 8% ownership interest in cash, up front, and provide for equity in the company for the remaining portion, which over time, could be sold back to the company.

15.    In September of 2005, Joe Gallagher, the Chief Operating Officer of FAMCO advised Plaintiff that his salary was being cut Twenty-Five Thousand Dollars & 00/100 ($25,000.00) to improve FAMCO's earnings before interest, taxes, depreciation and amortization prior to the sale of the firm. In an effort to help the company and eventually himself, Plaintiff agreed to the cut in his salary.

16.    In November of 2005, Plaintiff decided to officially move to New York City at which time he was significantly involved in locating a potential buyer for the sale of FAMCO, even leading Charles Walbrandt to at least one viable offer that he turned down. Plaintiff continued his efforts in locating potential buyers for the 1st and 2nd quarters of 2006.

17.    On June 19, 2006, Plaintiff left for vacation and for reasons unbeknownst to Plaintiff, his corporate credit card was cancelled that day. Two weeks later Plaintiff returned only to be asked to immediately leave FAMCO's premises, again for reasons not fully described to Plaintiff. He was not even given the time to collect his belongings from his office, which included his personal files, a television set, desk chair and artwork valued at over One Hundred Thousand Dollars and 00/100 ($100,000.00).

18.    Plaintiff later submitted an expense report for his last expenses incurred on behalf of the company. FAMCO refused to reimburse Plaintiff approximately

Twenty Thousand Dollars and 00/100 ($20,000.00) worth of authorized business expenses.

19.    FAMCO has likewise refused to pay Plaintiff approximately One Million Three Hundred Thousand Dollars and 00/100 ($1,300,000.00) in commissions based on revenue obtained from assets raised by Plaintiff and billed quarterly to FAMCO's clients.

20.    Several months after his termination, FAMCO finally took some initiative to return Plaintiff's belongings but only mailed a few of Plaintiff's personal files to him to an address where he no longer lived. FAMCO has since acknowledged that, to this day, it retains the rest of Plaintiff's personal belongings.

21.    Interestingly enough, less than a year after Plaintiff was terminated without cause, FAMCO announced it had signed a definitive agreement to be acquired by Piper Jaffray Companies, a Minneapolis-based international middle market investment bank and institutional securities firm. The transaction is expected to close in the third quarter of 2007 for Sixty-Six Million Dollars and 00/100 ($66,000,000.00) and other additional non-disclosed compensation. To date, FAMCO has refused to buyout Plaintiff's 8% interest in the company for a reasonable market value or pay Plaintiff his quarterly distributions of income in relation to his 8% interest in the company. Indeed, FAMCO has even gone so far as to advise Plaintiff that he currently has no ownership interest or membership interest in the company.

22.    It is clear that FAMCO, a company built by individuals who have had long standing and special relationships with each other, decided to reap the benefits of Plaintiff's expertise and contacts throughout his field. After gaining a 63% compound

annual growth revenue each year for FAMCO since he was hired and over 20 institutional investors who in turn made FAMCO approximately Twenty Million Dollars and 00/100 ($20,000.000) in revenue, it decided to cut a large portion of expense by terminating the Plaintiff. By letting Plaintiff go, FAMCO has saved approximately One Million Five Hundred Thousand Dollars and 00/100 ($1,500,000.00) in not having to pay Plaintiff his salary or commissions. It is attempting to save and squander the amount of money it promised Plaintiff for his 8% share in the company, which is well over Ten Million Dollars.

23.    As a result of Defendant's acts and omissions as described above, Plaintiff has sustained actual and compensatory damages in an amount to be determined by this Court, but not less than Fourteen Million Nine Hundred Forty-Five Thousand Dollars and 00/100 ($14,945,000.00).

## IV. Causes of Action
### Count One: Breach of Contract

21.    The allegations set forth above are re-alleged and incorporated herein for all purposes.

22.    As the commissions noted above were earned when Plaintiff procured the customer's orders, they are due and owing at this time. Defendant's refusal to pay these commissions constitutes a breach of Plaintiff's commission agreement.

23.    Accordingly, Plaintiff seeks recovery of all legally recoverable actual damages of and from Defendant for its breach of contract, and all pre-and post-judgment interest allowed by law.

## Count Two: Account Stated

24.    The allegations set forth above are re-alleged and incorporated herein for all purposes.

25.    In July of 2006, an account was stated between Plaintiff and Defendant for business expenses Plaintiff incurred during his employment in the amount of approximately Twenty Thousand Dollars and 00/100 ($20,000.00).

26.    Defendant received and retained such account without objection.

27.    Accordingly, an account was stated between Plaintiff and Defendant in the total principal amount of $20,000.00, none of which has been paid, despite due demand, leaving a balance in this balance with interest thereon.

## Count Three: Conversion and Replevin

28.    The allegations set forth above are re-alleged and incorporated herein for all purposes.

29.    Defendant has wrongfully converted personal property, records, funds and stock certificates belonging to Plaintiff and to this day, has exercised dominion and control over Plaintiff's personal property.  Plaintiff seeks recovery of all items of real, personal, intangible and tangible property of every kind and description, including but not limited to monies wrongfully withheld by Defendant in accordance with CPLR §7102.

30.    The willful wrongful tortious acts and omissions of Defendant are of an outrageous and treacherous nature for which the law permits exemplary or punitive damages in order to punish Defendant, and to deter it from further commission of said wrongful acts and omissions and serve as an example to others.  Plaintiff seeks a

judgment against and from Defendant for exemplary or punitive damages in an amount to be determined by the trier of fact, but currently believed to be no less than Two Hundred and Fifty Thousand Dollars ($250,000.00).

### Count Four: Unjust Enrichment/Quantum Meruit

31.     The allegations set forth above are re-alleged and incorporated herein for all purposes.

32.     In the alternative and by reason of the foregoing, Defendant has been unjustly enriched at Plaintiff's expense.  As a result of its wrongful conduct, and at Plaintiff's expense, Defendant obtained benefits it otherwise would not have obtained, including without limitation revenues Defendant derived from assets raised by Plaintiff.

33.     Plaintiff, as the procurer of several ongoing business relationships for FAMCO, is entitled to compensation for at least a reasonable time after his termination, especially considering Plaintiff's relationship to the clients he provided FAMCO and FAMCO's realization of approximately $20,000,000.00 in new revenue after Plaintiff delivered the client accounts to FAMCO.  To prevent unjust enrichment and to allow Plaintiff as much as he deserves in commissions for services rendered to FAMCO, Plaintiff respectfully request that this Court order Defendant to now disgorge to Plaintiff these ill-gotten gains in an amount to be determined at trial, but currently believed to be no less than One Million Three Hundred Thousand Dollars and 00/100 ($1,300,000.00).

## Count Five: Accounting and Constructive Trust

34.    The allegations set forth above are re-alleged and incorporated herein for all purposes.

35.    On or about April 13, 2007, FAMCO announced it had signed a definitive agreement to be acquired by Piper Jaffray Companies, a Minneapolis-based international middle market investment bank and institutional securities firm. The transaction is expected to close in the third quarter of 2007. Accordingly, Plaintiff respectfully requests a constructive trust be imposed in the amount of at least Fifteen Million Dollars and 00/100 ($15,000.000.00) to protect the availability of these funds.

36.    Further, Plaintiff respectfully requests an order directing Defendant to account for all income received from the date of Plaintiff's termination until the present, and upon said accounting, to turn over at least One Million Six Hundred Seventy Thousand Dollars and 00/100 ($1,670,000.00) of said monies to Plaintiff, together with interest thereon from the various dates of such receipt by Defendant.

## Count Six: Request to Inspect the Corporate Books and Records

37.    Plaintiff hereby demands an inspection of the books and records of the Defendant in order to ascertain the financial condition of Defendant both at the time of his termination and the present, to learn the propriety of dividend distribution, to calculate the value of stock, to investigate management's conduct, and to obtain information in aid of legitimate litigation in accordance with New York Business Corporation Law § 624.

## VI.  Prayer

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer

and that upon trial of this matter, Plaintiff have the following:

1.  On the First and Second Cause of Action, the amount of Fourteen Million Three Hundred Thousand Dollars and 00/100 ($14,300,000.00), together with interest thereon;

2.  On the Third Cause of action, an amount to be determined by the Court, which amount is believed to be not less than the sum of Twenty Thousand Dollars and 00/100 ($20,000.00) in compensating damages, together with interest thereon;

3.  On the Fourth Cause of Action, an amount to be determined by the Court, which amount is believed to be not less than the sum of One Hundred Thousand Dollars and 00/100 ($100,000.00) in compensating damages, together with interest thereon, plus punitive damages in the amount of Two Hundred and Fifty Thousand Dollars and 00/100 ($250,000.00);

4.  On the Fifth and Alternative Cause of Action, an amount to be determined by the Court, which amount is believed to be not less than the sum of One Million Three Hundred Thousand Dollars and 00/100 ($1,300,000.00) in compensating damages, together with interest thereon;

5.  On the Sixth Cause of action, a constructive trust imposed on at least Fifteen Million Dollars and 00/100 ($15,000,000.00) of Defendant's funds and a formal accounting;

6.  On the Seventh Cause of action, the right to inspect the corporate books and records;

7.  An award of all costs and expenses, including attorneys' fees, incurred in prosecuting this action; and

8.  An award of all pre-and post-judgment interest allowed by law;

9.  Such other and further relief to which Plaintiff may be justly entitled.

Dated:    New York, New York
          June 26, 2007

Respectfully submitted,

SESSIONS LAMBERT SELWYN, LLP

Jennifer R. Lindsey
1700 Pacific Avenue, Suite 2250
Dallas, Texas 75201
Lindsey Direct Line: (214) 217-8040
Direct Fax Line: (214) 217-8861

ATTORNEYS FOR PLAINTIFF

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY O. SWOPE,

                Plaintiff,

       -against-

FIDUCIARY ASSET MANAGEMENT, LLC.,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 109027/2007

**NOTICE AND
SUBSTITUTION OF
ATTORNEY**

---

## NOTICE AND SUBSTITUTION OF ATTORNEY

---

CROSBY & HIGGINS LLP
500 Fifth Avenue, Suite 1410
New York, New York 10110
(646) 452-2300
(646) 452-2301

Attorneys for Plaintiff

---

July 30, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY O. SWOPE,

                            Plaintiff,

        -against-

FIDUCIARY ASSET MANAGEMENT, LLC.,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 109027/2007

**NOTICE AND
SUBSTITUTION OF
<u>ATTORNEY</u>**

     PLEASE TAKE NOTICE that Plaintiff Jeffrey O. Swope acknowledges and consents to the substitution of Todd A. Higgins of Crosby & Higgins LLP, 500 Fifth Avenue, Suite 1410, New York, New York 10110 as counsel of record in this action in the place of Sessions Lambert Selwyn, LLP, 1700 Pacific Avenue, Suite 2250, Dallas, Texas 75201.

Dated:      July 30, 2007

                            _____

                            Jeffrey O. Swope, Plaintiff

I consent to the above substitution.

Dated:      July 30, 2007

                            Jennifer R. Lindsey

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
JEFFREY O. SWOPE,                                           :
                                                            :
                Plaintiff,                                  :     Index No. 109027/2007
                                                            :
        -against-                                           :
                                                            :
FIDUCIARY ASSET MANAGEMENT, LLC.,                           :     **NOTICE OF APPEARANCE**
                                                            :
                Defendant.                                  :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

NOTICE OF APPEARANCE

---

**CROSBY & HIGGINS LLP**
500 Fifth Avenue, Suite 1410
New York, New York 10110
(646) 452-2300
(646) 452-2301

---

*Attorneys for Plaintiff*

---

Dated: July 31, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY O. SWOPE,                                 :

            Plaintiff,                          :     Index No. 109027/2007

       -against-                                 :

FIDUCIARY ASSET MANAGEMENT, LLC.,        :     **NOTICE OF APPEARANCE**

          Defendant.                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

     PLEASE TAKE NOTICE that Todd A. Higgins of Crosby & Higgins LLP has been retained as counsel for Plaintiff and requests that all papers in this action be served upon the undersigned at the office and post office address stated below.

Dated: July 31, 2007
      New York, NY

                           Todd A. Higgins

                           CROSBY & HIGGINS LLP
                           500 Fifth Avenue, Suite 1410
                           New York, NY 10110
                           Tel:  (646) 452-2300
                           Fax:  (646) 452-2301