SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY O. SWOPE,

                Plaintiff,

     -against-

FIDUCIARY ASSET MANAGEMENT, LLC.,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 109027/2007

---

## NOTICE OF DEPOSITION

---

**CROSBY & HIGGINS LLP**
500 Fifth Avenue, Suite 1410
New York, New York 10110
(646) 452-2300
(646) 452-2301

---

*Attorneys for Plaintiff*

---

Dated: July 31, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :

JEFFREY O. SWOPE,                :

           Plaintiff,        :        Index No. 109027/2007

    -against-               :

FIDUCIARY ASSET MANAGEMENT, LLC.,  :

          Defendant.      :

                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE that pursuant to the CPLR, the Plaintiff, Jeffrey O. Swope, will take the testimony of Charles Walbrandt, before a Notary Public as to all relevant facts and circumstances in connection with the causes of action and allegations herein, beginning on the 27th day of August, 2007, at 9:00 a.m., and continuing from day to day until concluded, at 500 Fifth Avenue, Suite 1410, New York, New York 10110.

PLEASE TAKE FURTHER NOTICE, that pursuant to the CPLR, the deponent is directed to produce at this examination, for the purpose of refreshing his recollection and for examination, inspection and copying, all records, books, photographs, documents, materials, correspondence and other writings and papers in their possession or available to them which relate to the matters of this lawsuit.

Dated:     New York, New York
         July 31, 2007

                          CROSBY & HIGGINS LLP

                    By:                    

                          Todd A. Higgins, Esq.
                          500 Fifth Avenue, Suite 1410
                          New York, New York 10110
                          Telephone: (646) 452-2300
                          *Attorney for Plaintiff*
                          *Jeffrey O. Swope*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY O. SWOPE,

           Plaintiff,

    -against-

FIDUCIARY ASSET MANAGEMENT, LLC.,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 109027/2007

---

## NOTICE OF DEPOSITION

---

**CROSBY & HIGGINS LLP**
500 Fifth Avenue, Suite 1410
New York, New York 10110
(646) 452-2300
(646) 452-2301

---

*Attorneys for Plaintiff*

---

Dated: July 31, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY O. SWOPE,                                    :
                                                     :
                 Plaintiff,                          :          Index No. 109027/2007
                                                     :
        -against-                                    :
                                                     :
FIDUCIARY ASSET MANAGEMENT, LLC.,                    :
                                                     :
                 Defendant.                          :
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        PLEASE TAKE NOTICE that pursuant to the CPLR, the Plaintiff, Jeffrey O.
Swope, will take the testimony of Joe Gallagher, before a Notary Public as to all relevant
facts and circumstances in connection with the causes of action and allegations herein,
beginning on the 28th day of August, 2007, at 9:00 a.m., and continuing from day to day
until concluded, at 500 Fifth Avenue, Suite 1410, New York, New York 10110.

        PLEASE TAKE FURTHER NOTICE, that pursuant to the CPLR, the deponent is
directed to produce at this examination, for the purpose of refreshing his recollection and
for examination, inspection and copying, all records, books, photographs, documents,
materials, correspondence and other writings and papers in their possession or available
to them which relate to the matters of this lawsuit.


Dated:          New York, New York
                July 31, 2007




                                                     CROSBY & HIGGINS LLP



                                        By:          _____
                                                     Todd A. Higgins, Esq.
                                                     500 Fifth Avenue, Suite 1410
                                                     New York, New York 10110
                                                     Telephone: (646) 452-2300
                                                     *Attorney for Plaintiff*
                                                     *Jeffrey O. Swope*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------ x

JEFFREY O. SWOPE,

              Plaintiff,

        -against-

FIDUCIARY ASSET MANAGEMENT, LLC.,

            Defendant.

------------------------------------------------------------ x

Index No. 109027/2007

---

NOTICE OF DEPOSITION

---

**CROSBY & HIGGINS LLP**
500 Fifth Avenue, Suite 1410
New York, New York 10110
(646) 452-2300
(646) 452-2301

---

*Attorneys for Plaintiff*

---

Dated: July 31, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
JEFFREY O. SWOPE,                                       :
                                                        :
                    Plaintiff,                          :        Index No. 109027/2007
                                                        :
        -against-                                       :
                                                        :
FIDUCIARY ASSET MANAGEMENT, LLC.,                       :
                                                        :
                    Defendant.                          :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    PLEASE TAKE NOTICE that pursuant to the CPLR, the Plaintiff, Jeffrey O. Swope, will take the testimony of Wiley Angell, before a Notary Public as to all relevant facts and circumstances in connection with the causes of action and allegations herein, beginning on the 29th day of August, 2007, at 9:00 a.m., and continuing from day to day until concluded, at 500 Fifth Avenue, Suite 1410, New York, New York 10110.

    PLEASE TAKE FURTHER NOTICE, that pursuant to the CPLR, the deponent is directed to produce at this examination, for the purpose of refreshing his recollection and for examination, inspection and copying, all records, books, photographs, documents, materials, correspondence and other writings and papers in their possession or available to them which relate to the matters of this lawsuit.

Dated:      New York, New York
            July 31, 2007


                                        CROSBY & HIGGINS LLP


                            By:         _____
                                        Todd A. Higgins, Esq.
                                        500 Fifth Avenue, Suite 1410
                                        New York, New York 10110
                                        Telephone: (646) 452-2300
                                        *Attorney for Plaintiff*
                                        *Jeffrey O. Swope*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------ x

JEFFREY O. SWOPE,

                    Plaintiff,                            Index No. 109027/2007

      -against-

FIDUCIARY ASSET MANAGEMENT, LLC.,

             Defendant.

------------------------------------------------ x

---

## NOTICE OF DEPOSITION

---

**CROSBY & HIGGINS LLP**
500 Fifth Avenue, Suite 1410
New York, New York 10110
(646) 452-2300
(646) 452-2301

---

*Attorneys for Plaintiff*

---

Dated: July 31, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :

JEFFREY O. SWOPE,                           :

                Plaintiff,              :         Index No. 109027/2007

         -against-                  :

FIDUCIARY ASSET MANAGEMENT, LLC.,     :

               Defendant.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        PLEASE TAKE NOTICE that pursuant to the CPLR, the Plaintiff, Jeffrey O. Swope, will take the testimony of Jim Cunnane, before a Notary Public as to all relevant facts and circumstances in connection with the causes of action and allegations herein, beginning on the 30th day of August, 2007, at 9:00 a.m., and continuing from day to day until concluded, at 500 Fifth Avenue, Suite 1410, New York, New York 10110.

        PLEASE TAKE FURTHER NOTICE, that pursuant to the CPLR, the deponent is directed to produce at this examination, for the purpose of refreshing his recollection and for examination, inspection and copying, all records, books, photographs, documents, materials, correspondence and other writings and papers in their possession or available to them which relate to the matters of this lawsuit.

Dated:      New York, New York
          July 31, 2007

                              CROSBY & HIGGINS LLP

                By: _____
                      Todd A. Higgins, Esq.
                      500 Fifth Avenue, Suite 1410
                      New York, New York 10110
                      Telephone: (646) 452-2300
                      *Attorney for Plaintiff*
                      *Jeffrey O. Swope*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY O. SWOPE,

        Plaintiff,                      Index No. 109027/2007

   -against-

FIDUCIARY ASSET MANAGEMENT, LLC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

## NOTICE OF DEPOSITION

---

**CROSBY & HIGGINS LLP**
500 Fifth Avenue, Suite 1410
New York, New York 10110
(646) 452-2300
(646) 452-2301

---

*Attorneys for Plaintiff*

---

Dated: July 31, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY O. SWOPE,                         :

              Plaintiff,                :          Index No. 109027/2007

        -against-                  :

                               :

FIDUCIARY ASSET MANAGEMENT, LLC.,   :

              Defendant.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        PLEASE TAKE NOTICE that pursuant to the CPLR, the Plaintiff, Jeffrey O. Swope, will take the testimony of Mohammad Riad, before a Notary Public as to all relevant facts and circumstances in connection with the causes of action and allegations herein, beginning on the 31st day of August, 2007, at 9:00 a.m., and continuing from day to day until concluded, at 500 Fifth Avenue, Suite 1410, New York, New York 10110.

        PLEASE TAKE FURTHER NOTICE, that pursuant to the CPLR, the deponent is directed to produce at this examination, for the purpose of refreshing his recollection and for examination, inspection and copying, all records, books, photographs, documents, materials, correspondence and other writings and papers in their possession or available to them which relate to the matters of this lawsuit.

Dated:      New York, New York
           July 31, 2007

                                     CROSBY & HIGGINS LLP

                By:    _____
                                       Todd A. Higgins, Esq.
                                       500 Fifth Avenue, Suite 1410
                                       New York, New York 10110
                                       Telephone: (646) 452-2300
                                       *Attorney for Plaintiff*
                                       *Jeffrey O. Swope*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY O. SWOPE,

               Plaintiff,                              Index No. 109027/2007

      -against-

FIDUCIARY ASSET MANAGEMENT, LLC.,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

## NOTICE OF DEPOSITION

---

**CROSBY & HIGGINS LLP**
500 Fifth Avenue, Suite 1410
New York, New York 10110
(646) 452-2300
(646) 452-2301

---

*Attorneys for Plaintiff*

---

Dated: July 31, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY O. SWOPE,                                    :

                Plaintiff,                         :          Index No. 109027/2007

     -against-                                      :

FIDUCIARY ASSET MANAGEMENT, LLC.,                    :

                Defendant.                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        PLEASE TAKE NOTICE that pursuant to the CPLR, the Plaintiff, Jeffrey O. Swope, will take the testimony of Fiduciary Asset Management, LLC, before a Notary Public as to all relevant facts and circumstances in connection with the causes of action and allegations herein, beginning on the 3rd day of September, 2007, at 9:00 a.m., and continuing from day to day until concluded, at 500 Fifth Avenue, Suite 1410, New York, New York 10110.

        PLEASE TAKE FURTHER NOTICE, that pursuant to the CPLR, the deponent is directed to produce at this examination, for the purpose of refreshing his recollection and for examination, inspection and copying, all records, books, photographs, documents, materials, correspondence and other writings and papers in their possession or available to them which relate to the matters of this lawsuit.

Dated:      New York, New York
          July 31, 2007


                            CROSBY & HIGGINS LLP


By:                       _____
                            Todd A. Higgins, Esq.
                            500 Fifth Avenue, Suite 1410
                            New York, New York 10110
                            Telephone: (646) 452-2300
                            *Attorney for Plaintiff*
                            *Jeffrey O. Swope*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------ x

JEFFREY O. SWOPE,

               Plaintiff,                               Index No. 109027/2007

      -against-

FIDUCIARY ASSET MANAGEMENT, LLC.,

               Defendant.

------------------------------------------------------ x

---

## PLAINTIFF'S FIRST REQUEST FOR DISCOVERY AND INSPECTION OF DOCUMENTS

---

**CROSBY & HIGGINS LLP**
500 Fifth Avenue, Suite 1410
New York, New York 10110
(646) 452-2300
(646) 452-2301

---

*Attorneys for Plaintiff*

---

Dated: July 31, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY O. SWOPE,                                    :

               Plaintiff,                :       Index No. 109027-2007

     -against-                                     :       **PLAINTIFFS' FIRST**
                                                  :       **REQUEST FOR DISCOVERY**
FIDUCIARY ASSET MANAGEMENT, LLC            :       **AND INSPECTION OF**
                                                 :       <u>**DOCUMENTS**</u>
             Defendant.                :

                                                 :

                                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF'S FIRST REQUEST FOR DISCOVERY <br> AND INSPECTION OF DOCUMENTS

PLEASE TAKE NOTICE that, pursuant to Rule 3120 of the Civil Practice Law and Rules, Plaintiff Jeffrey O. Swope ("Plaintiff"), by his undersigned attorneys, requests that Defendant Fiduciary Asset Management, LLC. ("Defendant") produce for inspection and copying each document as herein specified, in accordance with the definitions and instructions set forth below. The documents requested should be produced within twenty (20) days of the service of this notice, at the offices of Crosby & Higgins LLP, 500 Fifth Avenue, Suite 1410, New York, New York 10110.

## DEFINITIONS

In addition to the definitions set forth in Rules 3101 and 3120 of the Civil Practice Law and Rules, the following definitions apply to each discovery request contained herein, and are deemed to be incorporated in each of said requests:

1

1.      The term "communication" includes without limitation any oral or written transmission or receipt of words or information, by whatever manner or means, regardless of how or by whom the communication was initiated, including without limitation: (i) any written contact by means such as a letter, memorandum, telegram, telex, e-mail, text message, instant message or facsimile and (ii) oral contact by means such as face-to-face meetings or the telephone.   Communications with business entities include communications by or with any officers, directors, employees, agents or other representatives of such entities.

2.      The term "Complaint" means the complaint filed in the above-captioned action on June 29, 2007.

3.      The term "concerning" includes approving, based on, bearing on, commenting on, constituting, dealing with, describing, discussing, evidencing, impacting, involving, mentioning, pertaining to, referring to, reflecting or relating to (whether legally, factually or otherwise, and whether in whole or in part).

4.      The term "correspondence" means any written communication, including without limitation any letter, memorandum, e-mail or other writing.

5.      The term "document" included without limitation and whether in hard copy or electronic form:   letters, correspondence, minutes, contracts, agreements, resolutions, memoranda (whether of visits, telephone calls or otherwise), internal memoranda, appointment calendars, schedules, e-mails, electronic data interchange or computer to computer exchange of standardized business information, notes, books, indices, printed forms (whether official or unofficial), audio, photographic or video recording, resolutions, publications, press releases, rulings, notices, brochures, pamphlets, guidelines, manuals, instructions, records, minutes, summaries or abstracts, reports, files, phone messages, articles, diaries, journals, ledgers,

worksheets, audits, lists, logs, resumes, compilations, computations, transcripts, data processing cards, computer storage tapes or discs, printouts, information contained in, on or retrievable from computer programs, bulletins, written interrogatories and or answers, charts, exhibits, blueprints, drawings, schematics, diagrams, graphs, tables, photographs, recordings, speeches, telegrams, cables, telex messages, microfilms, notes, opinions, studies, papers, analyses, evaluations, proposals, budget materials, invoices, financial statements, checks, drafts, money orders or other financial instruments, contracts, specifications, applications, motions, petitions, answers, responses, replies, protests, verified statements, transcripts, attachments, filings, submissions, pleadings and other data compilation of any other written, recorded, transcribed, punched, taped, filed or other graphic matter, including any drafts of the foregoing items and any copy or reproduction of any of the foregoing items upon which any notation, work, figure or form is recorded or has been made which does not appear on the original or as to whose existence, either past or present, the responding party has any knowledge or information. The term "document" or "documents" includes each copy that is not identical to the original or to any other produced copy and any drafts of any document or any working papers or drafts related thereto. In instances where two or more exact duplicates of any document exist, this request calls for the most legible copy.

6.    The term "person" means a natural person, corporation, association, company, subsidiary, firm, partnership, joint venture, trust, estate, agency, department, division, bureau, governmental entity, judicial person or entity, and any other legal entity.

7.    The terms "you," "your" or "yours" means each Defendant and any of their parents, owners, subsidiaries, divisions, subdivisions, affiliates, predecessor and successor entities, partners, officers, directors, agents, legal counsel or any other person acting on its behalf.

## INSTRUCTIONS

The following instructions apply to each of the document requests set forth herein, and are deemed to be incorporated in each of them:

1.      In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliate, investigators or by your attorneys or their agents, employees, representatives or investigators.

2.      Documents are to be produced in full.  Redacted documents will not constitute compliance with these requests.  If any requested documents cannot be produced in full, produce it to the extent possible, indicating which document or portion of that document is being withheld and the reasons for withholding production of the document.  If any part of a document is responsive to any request, please produce the entire document.

3.      Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a final document is a responsive document in its own right and must be produced.

4.      If, pursuant to CPLR § 3122, you file a timely objection to any portion of a request, definition or instruction, provide a response to the remaining portion.

5.      The terms defined above and the individual requests for production and inspection should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the CPLR.

6.     These document requests are continuing and require supplemental responses as specified in the CPLR § 3101(h) if you (or any person acting on your behalf) obtain additional information called for by the request between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiff no later than ten (10) days after the discovery of additional, responsive information.

7.     The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical in all respects.

8.     In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9.     Pursuant to the CPLR, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s)), or (b) segregated as responsive to a specific request enumerated in this Plaintiff's First Notice for Discovery and Inspection with such specific request identified.

10.    All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

11.    Documents attached to each other should not be separated.

12.    Documents not otherwise responsive to this document request shall be produced if such documents are attached to documents called for by this document request and constitute routing slips, transmittal memoranda, letters, comments, evaluations or similar materials.

13.    Copies of all electronic-mail, computer tapes, disks (hard or floppy), cards, files, CD-ROMs, DVDs, or other storage media containing information or data responsive to the requests herein must be made (and, if necessary, translated by the respondent into reasonable useable form) and produced.

14.    If you withhold production of any document or portion of any document responsive to those requested based upon any privilege, please provide the following information for each document or portion of any document withheld:

        a.    The type of document;

        b.    The general subject matter of the document or the portion withheld;

        c.    The date of the document;

        d.    The author(s) of the document and their title(s);

        e.    The recipient(s) of the document and their title(s); and

        f.    The basis for withholding such document or portion of a document from production.

15.    Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary except where such words have a usual custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

16.    Unless otherwise specified, the time period to which these document requests refer is January 1, 2002 to the present day.  However, if a document prepared before January 1, 2002 is

necessary for a correct or complete understanding of any document covered by these requests, the earlier document shall be produced as well. If any document is undated and the date of the preparation cannot be determined, the document shall be produced if otherwise responsive to the document requests.

## DOCUMENTS REQUESTED

1.    All documents that constitute, refer or relate to any communications between Defendant and any other person concerning any of the allegations in the Complaint or any actual or potential defense to any of the allegations in the Complaint.

2.    All documents that constitute, refer or relate to any communications between Defendant and Plaintiff concerning any of the allegations in the Complaint or any actual or potential defense to any of the allegations in the Complaint.

3.    All documents that constitute, refer or relate to any communications made by any person concerning any of the allegations in the Complaint or any actual or potential defense to any of the allegations in the Complaint.

4.    All documents concerning Plaintiff's employment with Defendant, including but not limited to: (1) the scope of Plaintiff's duties; (2) the objectives or goals for Plaintiff; (3) the location of Plaintiff's performance; and (4) the terms and conditions of employment.

5.    All documents that constitute, refer or relate to any communications between Defendant and any other person, concerning any money owed or potentially owed to Plaintiff.

6.    All documents concerning any potential or actual contract, agreement, or understanding between Plaintiff and Defendant, including but not limited to any potential or actual offer letter, contract, agreement or understanding concerning Plaintiff's employment with Defendant.

7

7.    All documents concerning the payment of commissions to Plaintiff, including, but not limited to the payment of any commissions described in any offer letter of employment, or any other communication between Defendant and Plaintiff.

8.    All documents concerning any compensation Plaintiff received concerning his employment with Defendant, including, but not limited to base salary, employee benefits, contribution profit sharing plan, commissions or any potential or actual equity ownership interest in Defendant, and records of all sums paid to Plaintiff in connection with employment with Defendant.

9.    All documents concerning Plaintiff's employment duties with Defendant, including, but not limited to any services performed by Plaintiff for Defendant.

10.    All documents concerning Plaintiff's performance as an employee with Defendant, including, but not limited to any employment evaluations or other communications concerning Plaintiff's performance.

11.    All documents concerning any potential or actual membership interest that Plaintiff had at any time in Defendant, including, but not limited to all documents concerning any class B membership interests obtained by Plaintiff as part of his employment with Defendant.

12.    All corporate books and records that concern the ownership and management structure of Defendant, including, but not limited to true and correct copies of all operating or membership agreements, by-laws, shareholder or membership lists and shareholder or member certificates concerning Defendant.

13.    All documents concerning any capital account relating to Plaintiff, including, but not limited to all documents concerning the balance any such account and any credits or transfers to any such accounts.

14.    All documents concerning any business expenses incurred by Plaintiff in connection with his employment with Defendant, including but not limited to any expense reports filed by Plaintiff.

15.    All documents concerning any potential or actual sale of Defendant, including, but not limited to any potential or actual sale of Defendant to New York Life or any entity related to New York Life.

16.    All documents concerning any communication between Defendant's Chief Executive Officer, Charles Walbrandt, and Plaintiff, including, but not limited to any communication regarding any potential or actual sale of Defendant.

17.    All documents between Defendant and any party concerning any potential or actual sale of Defendant.

18.    All documents concerning any potential or actual payment for any person's membership interest in Defendant, including, but not limited to any potential or actual membership interest held by Plaintiff.

19.    All documents constituting, referring or relating to any communication Defendant had with any person regarding the potential or actual sale of Defendant to Piper Jaffray Companies.

20.    All documents concerning any communication between Defendant and UBS AG or any entity related to UBS AG, including, but not limited to UBS AG's Investment Banking Division.

21.    All documents concerning Plaintiff's termination of employment with Defendant, including, but not limited to any letter of termination and any payments made by Defendant to Plaintiff in connection with the termination.

9

22.     All documents concerning an entity called Prytania Partners, including, but not liited to any payments made by Defendant to Prytania Partners.

23.     All documents concerning Defendant's financial performance, including, but not limited to financial reports, profit and loss statements, and business expenses.

24.     All documents that constitute Defendant's state and federal tax returns, as well as related schedules and supporting documents, notes and work papers (whether or not submitted to the relevant taxing authority) from 2002 to the present.

25.     All documents concerning any of Plaintiff's personal property in Defendant's possession.

26.     All documents that support, contradict or otherwise relate to any defense of any Defendant to any of the claims raised by Plaintiff in this action.

27.     All documents that have passed between you and any person whom you expect to call as an expert witness at trial.

28.     All documents that refer or relate to the opinion of any expert you expect to call at the trail of this matter, including but not limited to:

-       The expert's most recent resume or curriculum vitae;

-       All written reports of each person whom you expect to call a expert witnesses;

-       All notes, working papers, diagrams, drafts and other documents prepared, reviewed or generated by the expert during the course of his or her assignment;

-       Each book or paper written by the expert that refers or relates to the subjects on which the expert is expected to testify;

-       All documents the expert relied upon in reaching his or her opinions; and

-   Every transcript of prior deposition or trial testimony given by each person whom you intend to call as an expert witness.

29. All documents that support, contradict of otherwise relate to any allegation set forth in the Complaint.

Dated:    New York, New York
          July 31, 2007

                                   CROSBY & HIGGINS LLP

                         By:       _____
                                   Todd A. Higgins, Esq.
                                   500 Fifth Avenue, Suite 1410
                                   New York, New York 10110
                                   Telephone: (646) 452-2300
                                   *Attorneys for Plaintiff*
                                   *Jeffrey O. Swope*

11