# Exhibit
# A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FIDUCIARY ASSET MANAGEMENT, LLC.,          :

                Plaintiff,          :          Civil Action No. 4:07-cv-301-
                             :          HEA

    -against-          :

JEFFREY O. SWOPE,          :

                Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND GRANT OF DEFAULT JUDGMENT AND MOTION FOR COSTS AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION TO DISMISS THE COMPLAINT

**CROSBY & HIGGINS LLP**
500 Fifth Avenue
Suite 1410
New York, New York 10110
(Telephone) (646) 452-2300
(Facsimile) (646) 542-2301

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
FIDUCIARY ASSET MANAGEMENT, LLC.,                         :
                                                          :
                    Plaintiff,                            :      Civil Action No. 4:07-cv-301-
                                                          :      HEA
         -against-                                        :
                                                          :
JEFFREY O. SWOPE,                                         :
                                                          :
                    Defendant.                            :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND GRANT OF DEFAULT JUDGMENT AND MOTION FOR COSTS AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION TO DISMISS THE COMPLAINT

Defendant Jeffrey O. Swope ("Defendant" or "Mr. Swope"), by his attorneys, respectfully submits this Memorandum of Law in Opposition to Plaintiff Fiduciary Asset Management, LLC ("Plaintiff" or "FAMCO")'s Motion for Entry of Default and Grant of Default Judgment and Motion for Costs and in support of Mr. Swope's Cross-Motion to Dismiss the Complaint.

## INTRODUCTION

There is no question that Mr. Swope is the plaintiff in this action. Indeed, FAMCO's own papers place squarely before this Court the real complaint between the parties, which is the action properly filed and served by Mr. Swope on FAMCO in New York State Supreme Court,[1] and thereafter removed by FAMCO to the United States District Court for the Southern District

---

[1] Mr. Swope's New York state complaint against FAMCO is attached as Exhibit A to the affidavit of Stanley G. Schroeder previously submitted by FAMCO in connection with this motion practice and will be cited herein as the "New York Complaint at ¶____."

of New York (07-CV-6921-BSJ), where it is currently pending before the Honorable Judge Jones (hereinafter the "New York Action").[2]  In the New York Action, Mr. Swope seeks to recover millions of dollars of equity and sales commissions fully earned by Mr. Swope while employed by FAMCO. In particular, Mr. Swope alleges that FAMCO engaged in a scheme to wrongfully retain more than $1.3 million dollars in sales commissions earned by Mr. Swope and then fired him in the dark of night in an attempt to deny Mr. Swope his 8% equity share of the proceeds from the forth-coming $66 million dollar (at a minimum) sale of FAMCO to Piper Jaffray.[3]

However, rather than face Mr. Swope's claims in earnest, FAMCO has attempted to engineer with its declaratory action what it hopes will be a favorable backdrop against which to litigate this dispute. FAMCO's motives couldn't be made more transparent: after Mr. Swope sent a written demand letter to FAMCO concerning his claims and making clear that he would proceed with litigation if the parties could not resolve the matter, FAMCO responded by preemptively filing this declaratory action in an obvious "race to the courthouse," intended to multiply the burdens of litigation for Mr. Swope, a resident of New York, and deprive him of the forum of his choice. *See, e.g., Creative Compounds, LLC v. Sabinsa Corp.,* 2004 WL 2601203 (E.D. Mo. Nov. 9, 2004). That is exactly what the law frowns upon, and as discussed below, for

---

[2] FAMCO did not answer or respond to the New York Complaint but instead removed the action to federal court. *See* the Declaration of Todd A. Higgins filed together herewith ("Higgins Dec.") at ¶ 7.  FAMCO has since indicated that they will not respond to Mr. Swope's various discovery demands served prior to removal of the state court action. *See* Higgins Dec. at ¶ 9.

[3] As set forth in the New York Complaint, after dramatically building FAMCO's institutional client base for almost three years, Mr. Swope was rewarded with a grant of 8% of FAMCO's equity in June of 2005. *See* New York Complaint at ¶ 13.  Thereafter, Mr. Swope spent most of the next year working with investment bankers to arrange a sale of FAMCO, including securing a substantial offer that was turned down by FAMCO's Chief Executive Officer. *Id.* at ¶ 16.  A short time later, in June of 2006, Mr. Swope left for a vacation, and in his absence, FAMCO terminated him without warning, refusing to allow Mr. Swope even to collect his personal belongings, including files directly related to this action. *Id.* at ¶ 17.  FAMCO thereafter entered into talks with Piper Jaffray, and on April 13, 2007, FAMCO entered into a definitive sale agreement for $66 million in cash at closing (scheduled for Fall 2007) and undisclosed future cash consideration. *Id.* at ¶ 21; *see also* Piper Jaffray announcement http://www.piperjaffray.com/2col_largeright.aspx?id=178&releaseid=984588&title=Piper%20Jaffray%20Companies%20to%20Add%20Asset%20Management%20Capability;%20Signs%20Definitive%20Agreement%20to%20Acquire%20Fiduciary%20Asset%20Management,%20LLC.

that reason alone, this Court should dismiss FAMCO's Complaint so that the New York Action can proceed without delay.

In any event, FAMCO's gamesmanship continues with its current motion practice. FAMCO knows the facts: (1) FAMCO preemptively filed this declaratory action after receiving a demand letter and before Mr. Swope could commence his action; (2) Mr. Swope has not been properly served with FAMCO's summons and complaint in this action, and certainly not within the time frame specified by the Federal Rules of Civil Procedure; (3) FAMCO's various attempts to serve Mr. Swope at his home in New York, and to serve Mr. Swope at his family's home in Texas on Easter Sunday, were deliberately harassing and do not warrant reimbursement for the costs of service incurred by FAMCO; and (4) rather than re-file its complaint as required and properly serve Mr. Swope, FAMCO choose instead to bring about this frivolous motion practice. Indeed, even after Mr. Swope engaged counsel to appear in this action and respond to the pending motions, FAMCO's counsel still caused the Clerk of this Court to enter a default against Mr. Swope.[4] FAMCO's abuse of process and valuable party and judicial resources is unfortunate and should be rejected.

## A. FAMCO's Motion for Default Judgment Should be Denied And The Complaint Dismissed for Failure To Serve Within Time Required

As an initial matter, FAMCO's motion for default judgment is entirely without merit. Under FED. R. CIV. P. 55, a plaintiff may seek a default judgment only after "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 12 in turn provides that a defendant "shall respond within 20 days after being served

---

[4] It appears that the Clerk entered an Entry of Default against Mr. Swope at "Plaintiff's request" on August 1, 2007 even though the undersigned counsel for Mr. Swope had already appeared in the New York Action and also filed a motion *pro hac vice* to appear in this action. *See* Higgins Dec. at. ¶ 7. In fact, Mr. Swope's responsive papers for this motion practice were not due until Monday, August 6, 2007. Accordingly, Mr. Swope respectfully requests that the Court vacate the Entry of Default that FAMCO improperly caused the Clerk to enter in this action.

with the summons and complaint." Thus, it goes without saying that a plaintiff cannot possibly be in default for failing to plead or otherwise defend, unless, at a minimum, 20 days has passed since the service of the summons and complaint. Here, however, no matter how FAMCO spins the litigation wheel, Mr. Swope has not been properly served the summons and complaint in this action.

For one thing, FAMCO claims that it attempted to serve Mr. Swope under New York Civil Rule of Procedure ("CPLR") §308(4).[5] Under this exception to personal service, commonly referred to as "nail and mail," service can be made by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode, but only after a plaintiff has exhausted the possibility of personal service and determined that service by personal delivery cannot be accomplished. *See O'Connell v. Post*, 27 A.D.3d 630, 811 N.Y.S.2d 441 (2d Dep't 2006) (" 'Nail and mail' service pursuant to CPLR 308(4) may be used only where personal service under CPLR 308(1) and (2) cannot be made with due diligence."). Indeed, "[t]he due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received." *Gurevitch v. Goodman*, 269 A.D.2d 355, 702 N.Y.S.2d 634 (2d Dep't 2000). Here, FAMCO cannot possibly have met the statutory requirement for service under CPLR 308(4), since FAMCO failed to exercise due diligence with respect to personal service. In fact, FAMCO could have easily served Mr. Swope at his place of business, an address readily accessible and knowable to FAMCO, and in fact confirmed in writing to FAMCO's counsel. *See* Higgins Dec. at ¶ 4. That FAMCO elected not to properly effect service as advised speaks volumes about its motives in this action.[6]

---

[5] FED. R. CIV. P. 4 authorizes a Plaintiff's service of process by any method of service that is permitted by the rules of the state in which service on a party is to be made.

[6] Equally telling was FAMCO's offensive "attempt" at Easter Sunday service on Mr. Swope in Texas. On April 8, 2007, Easter Sunday, a process server apparently sat outside Mr. Swope's family home for eight hours at FAMCO's

In any event, even if FAMCO were permitted to proceed with service pursuant to CPLR 308, the Commentary to CPLR 308(4) instructs that "[t]he affixation to the door must be done in a way that actual fixation is assured, as by the use of tape or rubber band." Thus, the failure of a process server to properly affix the summons to the door causes a fatal defect in service. *See Colonial Nat'l Bank, U.S.A. v. Jacobs*, 2000 WL 33341333 (N.Y.C. Civil Ct. 2000) (affixing process to the outer door of defendant's apartment building did not constitute proper service); *PacAmOr Bearings, Inc. v. Foley*, 92 A.D.2d 959, 460 N.Y.S.2d 662 (3d Dep't 1983) (service failed where process server wedged papers between a screen door and the door jamb); *See also, Werner v. Schweit*, 138 A.D.2d 592, 526 N.Y.S.2d 175 (2d Dep't 1988). And that is precisely what happened here given that FAMCO's process server failed to affix the summons to Mr. Swope's door. Contrary to FAMCO's papers, on May 12, 2007 FAMCO's process server apparently attempted to unlawfully enter the apartment building where Mr. Swope resided, *but never had the opportunity to serve Defendant* because the process server was apparently escorted out of the building by the New York City Police Department and the doorman returned any papers brought with the process server to the police, thereby preventing Mr. Swope from ever seeing them. Swope Aff. at ¶ 6. Accordingly, FAMCO could not have completed service under CPLR 308, and the time to respond could not have started running.

Finally, and perhaps most fundamentally, even if FAMCO had properly completed service under CPLR 308 as it contends, FAMCO's own moving papers indicate that the result would be the same because FAMCO failed to complete service of the summons and complaint on Mr. Swope within 120 days as required pursuant to FED. R. CIV. P. 4. FAMCO states that this

---

direction and attempted service on Mr. Swope. *See* affidavit of James Griffith at ¶ 8. Although Mr. Swope was not at that location on Easter, *See* affidavit of Jeffrey O. Swope at ¶ 3, such service would have been defective as a matter of law under Texas Rules of Civil Procedure, Rule 6, which provides that "No civil suit shall be commenced nor process issued or served on Sunday."

action was filed on February 12, 2007 and that service upon Mr. Swope was effective on June 15, 2007, which is 123 days after filing. Under these circumstances, FED. R. CIV. P. 4 makes clear that dismissal is warranted.[7] Thus, irrespective of whether FAMCO's service was effective under New York law, the result is the same. If FAMCO wishes to continue with this declaratory action, it must at a minimum re-file and serve the complaint.

## B. The Court Should In Any Event Decline to Exercise Jurisdiction and Dismiss FAMCO's Complaint

To be certain, FAMCO's motion practice before this Court is purely tactical and intended to wear down Mr. Swope before this case even begins. As discussed above, however, FAMCO did not properly (or at least timely) serve Mr. Swope with the summons and complaint, and as a result this action should be dismissed. However, even if the Court were to find that service was proper, this entire declaratory action is predicated on FAMCO's transparent attempt to deprive Mr. Swope—the real plaintiff in this action—of his chosen forum and increase the burdens of litigation. For that reason alone, FAMCO's action ought to be dismissed—indeed, the Court may do exactly that because declaratory judgment jurisdiction, unlike jurisdiction in the ordinary civil action, is discretionary rather than mandatory. *Employers Mutual Casualty Co. v. El Dorado Springs R-2 School Dist.*, 264 F. Supp. 669, 670 (W.D. Mo. 1967) *citing Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 62 S.Ct. 1173 (1942).

While there is no mechanical test governing the exercise of discretion, a number of factors are typically balanced, with the factor deserving the most weight logically being the identity of issues in competing actions. *State Farm*, 248 F.2d 862; *Lumbermens Mutual Cas. Co.*

---

[7] FED. R. CIV. P. 4(m) states, "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time..." See *Rice v. Samuel Rodgers Health Center*, 2005 WL 1278527 (W.D. Mo. May 26, 2005) ("Failure to properly serve defendant within this time period may result in the dismissal of the action.")

*v. Edelman*, 214 F. Supp. 1, 3 (W.D. Mo. 1963). The subject matter of the present case and the New York Action is identical and arises from a uniform set of facts, giving rise to the same claims in every respect. While it is true that FAMCO filed its declaratory action before Mr. Swope filed suit, which might ordinarily determine which action should proceed, the first-filed rule should not apply where, as here, the first-filed action is a simply a declaratory judgment filed in anticipation of a lawsuit for damages. *See, e.g., Venture Corp. v. Healy Constr. Co.*, 1988 WL 131354 (D. Kan. Nov, 22, 1988). (Motion to dismiss granted because declaratory judgment action was filed in anticipation of lawsuit for damages). This court's analysis in *Creative Compounds, LLC v. Sabinsa Corp.*, 2004 WL 2601203 (E.D. Mo. Nov. 9, 2004) is illustrative. In that case, the Plaintiff filed a declaratory judgment action in response to Defendant's cease and desist letter guaranteeing legal action against Plaintiff if Plaintiff did not conform its conduct by a certain date. The court found that Plaintiff's declaratory judgment action served no other purpose than to deprive the Defendant, the real plaintiff in the dispute, of its choice of forum. *Id.* at *2. The court also looked to whether immediate resolution of the matter was necessary and whether the action was filed in anticipation of litigation. *Id.* Taking those points and weighing the interests of justice all weighed in favor of dismissing the declaratory action. *Id. See also Koch Engineering Co., Inc. v. Mossanto Co.*, 621 F. Supp. 1204 (E.D. Mo. Dec. 6, 1985).

Another instructive case is *Employers Reinsurance Corp. v. MSK Ins., Ltd.*, 2003 WL 21143105 (D.Kan. March 31, 2003). The court there noted that when competing interests are filed within a short time of each other, courts may disregard the first-filed rule. *Id. citing Universal Premium Acceptance Corp. v. Oxford Bank and Trust*, 2002 WL 31898217, at *2 (D. Kan. Dec. 10, 2002). The court looked to whether the adversary filed the mirror image of the

same suit in a different district. *Id.* Two other factors that are considered in deciding whether to disregard the first-filed rule are whether the Plaintiff acted in bad faith or filed suit as a race to the courthouse. *See, e.g., Commercial Union Ins. Companies v. Torbaty,* 955 F. Supp. 1162 (E.D. Mo. 1997) *citing Northwest Airlines,* 989 F.2d at 1007. If either of these two circumstances is present, then the first-filed rule is not applied and the declaratory judgment action can be dismissed. *Id.* Indeed, the court stated that when a declaratory action is the first-filed case, it is more indicative of a preemptive strike than a suit for damages or equitable relief. *Id.*

Here, FAMCO filed its declaratory action first only because it raced to the courthouse after it received Mr. Swope's demand letter in which Mr. Swope made clear that he would commence litigation against FAMCO if the parties were not able to resolve Mr. Swope's various claims concerning commissions and equity earned by Mr. Swope while employed by FAMCO. *See* Higgins Dec. at ¶ 2. FAMCO's declaratory action obviously mirrors the New York Complaint and was clearly filed in an attempt by FAMCO to capture venue ahead of Mr. Swope and thereby deprive Mr. Swope of his choice of forum, which would naturally be where he resides and in fact performed many of his responsibilities while employed with FAMCO, including attracting institutional investors, arranging and working with investment bankers to organize a potential sale of FAMCO, and meeting with potential buyers of the company. *See* New York Complaint at ¶¶ 10, 12, 16. Under these circumstances, FAMCO respectfully asks that this Court decline to exercise jurisdiction over FAMCO's transparently tactical declaratory action and direct the parties to proceed with the New York Action.[8]

---

[8] In the event that this Court exercises jurisdiction over this action, Mr. Swope respectfully reserves all defenses to FAMCO's complaint and the right to move separately to consolidate this action with the New York Action or to transfer venue to the Southern District of New York.

## C. **FAMCO is Not Entitled to Recover Costs for Service of Process**

Finally, FAMCO has filed a separate motion seeking "reimbursement" of costs for its ill-conceived "attempts" to serve Mr. Swope in this action. FED. R. CIV. P. 4(d) provides that a party subject to service who receives notice of an action has "a duty to avoid unnecessary costs of serving the summons." In the event that the party does not do so, the other party can recover reasonable costs incurred to effect service of process. However, these costs are not unlimited—under FED. R. CIV. P. 4, only reasonable costs are recoverable that are "subsequently incurred in effecting service," if a waiver is not effected. *See BNCP, Inc. v. Estep*, 2004 WL 1304938 (N.D. Ohio May 10, 2004) ("Rule 4(d)(2) expressly provides that only 'costs *subsequently* incurred in effecting service' are recoverable.") *See also Bozell Group, Inc. v. Carpet Co-op of America Ass'n, Inc.*, 2000 WL 1523282 (S.D.N.Y. Oct. 11, 2000) (awarding attorney's fee only for the preparation of the motion for costs); *Graves v. Church of the Lord Jesus Christ of the Apostalic Faith*, 2003 WL 21659168 (E.D. Pa. June 20, 2003) ("Plaintiff is not entitled to be reimbursed for attorney's fees incurred as a result of time spent by Plaintiff's attorney in arranging for formal service upon Defendant ... after he refused a waiver."). *See Ahern v. Northern Technologies Intern. Corp.*, 206 F. Supp. 2d 418 (W.D.N.Y. 2002) (awarding only $50.00 spent on process server and $80.00 in attorney's fees for time spent preparing the motion, deeming other costs to be unreasonable).

Here, FAMCO plainly sought to harass by attempting service at Mr. Swope's relative's home in Texas over the Easter Holiday. *See* Scope Affidavit at ¶ 3. FAMCO sent a process server, who waited outside of the family home for eight hours on Easter Sunday, thereby incurring unreasonable costs for service that would have been defective in any event. *See supra*

at footnote 6. FAMCO cannot possibly be entitled to any "costs" associated with this conduct. Likewise, FAMCO should not be allowed to recover any "costs" associated with FAMCO's ill-conceived "nail and mail" service attempt, by which FAMCO's process server apparently unlawfully attempted to enter into Mr. Swope's apartment building in New York. *See* Swope Affidavit at ¶ 6. At bottom, FAMCO could easily (and cost-effectively) have served Mr. Swope with the summons and complaint at his place of business, as FAMCO's counsel was ultimately advised. *See* Higgins Dec. at ¶ 4. Those are the only "costs" that would have been reasonable under the circumstances—had FAMCO bothered to effect service in this manner. Under these circumstances, FAMCO should not be granted reimbursement for any of its "costs" associated with its attempted service of Mr. Swope.

## CONCLUSION

For the foregoing reasons, Mr. Swope asks that the Court deny FAMCO's Motion for Recovery of Costs of Service, vacate the Entry of Default and deny the Grant of Default Judgment and grant Defendant's Cross-Motion to Dismiss FAMCO's declaratory action.

Dated: New York, NY
         August 6, 2007

CROSBY & HIGGINS LLP

/s/ Todd A. Higgins

Todd A. Higgins, Esq. (Admitted *Pro Hac Vice*)
500 Fifth Avenue,
Suite 1410
New York, New York 10110
(phone) (646) 452-2300
(fax) (646) 542-2301
*Attorneys for Defendant*

11

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Matthew B. Robinson, Robert W. Stewart and Stanley S. Schroeder
> Lowenbaum Partnership, L.L.C.
> 222 S. Central Avenue
> Suit 901
> St. Louis, MO 63105

> (counsel for Plaintiff).

/s/ Todd A. Higgins
Todd A. Higgins, Esq. (Admitted *Pro Hac Vice*)
Crosby & Higgins, LLP
500 Fifth Avenue,
Suite 1410
New York, New York 10110
(*phone*) (646) 452-2300
(*fax*) (646) 542-2301
thiggins@crosbyhiggins.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FIDUCIARY ASSET MANAGEMENT, LLC,                 :    AFFIDAVIT OF
                      Plaintiff,                 :    JEFFREY O. SWOPE
           -against-                             :
                                                 :
                                                 :
JEFFREY O. SWOPE,                                :    Civil Action No. 4:07-cv-301-HEA
                      Defendants.                :
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**JEFFREY O. SWOPE**, being duly sworn, deposes and says:

1. My name is Jeffrey O. Swope and I am the Defendant in the above-captioned matter. I have personal knowledge of the contents of this affidavit and I am fully competent to testify to the matters set forth herein.

2. I reside at 210 East 68th Street, New York, New York. I am employed with Vulcan Capital Management at 150 East 52nd Street, 11th Floor, New York, New York.

3. I understand from my counsel that the Plaintiff in this action alleges it attempted personal service of the summons and complaint at my relatives' home located at 4011 Westlake Drive, in Austin, Texas over the Easter Holiday weekend earlier this year (April 7th and April 8th), however, I was not present at that location when the process server attempted service. .

4. I understand from my counsel that the Plaintiff in this action alleges it attempted service of the summons and complaint at my home on May 12th, 2007; however, I was not present at my home during this time.

1

5. I understand from my counsel that the Plaintiff alleges that on May 12, 2007, a process server, hired by Plaintiff, entered into my building at 210 East 68th Street, New York, New York, and attempted service by leaving a copy of the Summons and Complaint at my apartment. However, I did not receive any papers related to this action from any such process server.

6. On or about May 14, 2007, I learned from the doorman in my building that a process server attempted to unlawfully enter into the building but was escorted out of the building by the New York City Police Department. I also learned from the doorman on shift at the time that any papers that were left behind by the process server were recovered by the doorman and provided to the New York City Police Department.

7. I understand that my previous counsel provided Plaintiff with my business address at Vulcan Capital Management, 150 E. 52nd Street, 11th Floor, New York, New York 10022, through which I could be personally served with any papers related to this action. As of this date, Plaintiff has never served me papers at that location.

8. As of this date, I have never been served or even seen a copy of the Summons and Complaint filed by the Plaintiff in this action.

Jeffrey O. Swope

Sworn to me this _____
Day of August, 2007.

Notary Public

REAGAN L SAMUELS
NOTARY PUBLIC
State of Texas
Comm. Exp. 03-24-2009

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FIDUCIARY ASSET MANAGEMENT, LLC,

        Plaintiff,

    -against-

JEFFREY O. SWOPE,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF**

**TODD A. HIGGINS**

Civil Action No. 4:07-cv-301-HEA

**TODD A. HIGGINS,** pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. My name is Todd A. Higgins and I am a partner at the law firm of Crosby & Higgins LLP. I represent the Defendant Jeffrey O. Swope ("Defendant") in the above-captioned action and submit this declaration in support of Defendant's Combined Opposition to Plaintiff's Motion for Entry of Default and Grant of Default Judgment and Motion for Costs and in Support of Defendant's Cross Motion to Dismiss the Complaint.

2. On or about January 2, 2007, Defendant's prior legal counsel sent a demand letter ("Demand Letter") to the Plaintiff Fiduciary Asset Management, LLC ("FAMCO") outlining Defendant's claims for sales commissions and equity earned while employed by FAMCO. Defendant's counsel advised FAMCO that Defendant would commence litigation to prosecute his claims unless the parties were able to resolve this matter. A true and correct copy of this correspondence is attached hereto as Exhibit A.

3. On or about January 15, 2007, FAMCO responded in writing to the Demand Letter, indicating its unwillingness to resolve the matter, and advising Defendant that any

attempt at litigation would be contested. A true and correct copy of this correspondence is attached hereto as <u>Exhibit B</u>.

4.  On or about July 2, 2007, Defendant's counsel informed FAMCO's counsel that Defendant had not been properly served in this action and could be legally served at 150 East 52nd Street, 11th Floor, New York, New York 10022. Defendant's counsel urged FAMCO's counsel to do so rather than file any wasteful motion practice. A true and correct copy of this correspondence is attached hereto as <u>Exhibit C</u>.

5.  On or about July 31, 2007, I contacted FAMCO's counsel in this action to inform them that I would be representing the Defendant in this action and to obtain the contact information for FAMCO's New York counsel in connection with Defendant's lawsuit filed in New York State Supreme Court (the "New York Action"). On the same day, I served a copy of my Notice of Appearance and the Substitution of Counsel in the New York Action on FAMCO's New York counsel. A true and correct copy of those papers is attached hereto as <u>Exhibit D</u>.

6.  On or about July 31, 2007, I filed a motion to appear in this action *pro hac vice* and served a copy of those papers on FAMCO's counsel by Federal Express overnight mail. A true and correct copy of those papers is attached hereto as <u>Exhibit E</u>.

7.  On or about August 1, 2007, the Clerk filed an Entry of Default in this action against Mr. Swope at "Plaintiff's request." A true and correct copy of those papers is attached hereto as <u>Exhibit F</u>.

8.  On or about August 2, 2007, FAMCO's New York counsel served my law firm with a Notice of Removal in the New York Action removing the New York Action to the United States District Court for the Southern District of New York (07 CV 6921) where it is now

2

pending before the Honorable Judge Jones. A true and correct copy of those papers is attached hereto as Exhibit G.

9. On or about August 2, 2007, FAMCO's counsel advised me that FAMCO would not be responding to any discovery served by Defendant in the New York Action prior to FAMCO's removal of the action to Federal Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of August, 2007
New York, New York

/s/ Todd A. Higgins
Todd A. Higgins

Exhibit
A

# SESSIONS LAMBERT SELWYN LLP

Attorneys and Counselors

William Lewis Sessions, Partner
*Board Certified – Civil Trial Law*
*Texas Board of Legal Specialization*

Direct Telephone: (214) 217-8855
Direct Fax: (214) 217-8856
E-mail: lsessions@ slslaw.net

◆ *1700 Pacific Avenue,*
*Suite 2250*
*Dallas, Texas 75201*
*Tel: (214) 217-8868*
*Fax: (214) 217-8851*

------ ♦ ------

*1600 Smith Street,*
*Suite 4050*
*Houston, Texas 77002*
*Tel: (713) 650-3850*
*Fax: (713) 650-3851*

*slslaw.net*

January 2, 2007

Mr. Joe Gallagher
Fiduciary Asset Management, LLC
8112 Maryland Ave., Suite 400
St. Louis, MO   63105

### Re:   Jeff   Swope   Employment   Agreement   with   Fiduciary   Asset Management, LLC

Dear Mr. Gallagher:

Mr. Jeff Swope has engaged me and my firm to represent him in connection with his termination by Fiduciary Asset Management LLC ("FAMCO"). This letter is a formal demand that FAMCO immediately make payment to Jeff Swope for all sums due and owing to Mr. Swope under the terms of his employment agreement with FAMCO, payment of the current market value for the purchase of Mr. Swope's equity in FAMCO, and the immediate return of all of his personal property and effects that were wrongfully retained by FAMCO upon Mr. Swope's wrongful expulsion from FAMCO last summer.

As you must be aware, Mr. Swope was summarily terminated without cause on July 3, 2006 by Charles D. Walbrant after Mr. Swope's four plus years of employment with FAMCO. As of this writing, Mr. Swope is still owed compensation due to him under his employment agreement with FAMCO. Pursuant to the terms of that agreement, Mr. Swope is entitled to the payment of commissions on a quarterly basis as a percentage of revenues from assets raised. Mr. Swope, who brought billions of dollars in new assets to FAMCO during his tenure, is still owed the net present value of those earned commissions of approximately Two Million Dollars ($2,000,000), plus interest from October 15, 2006 on all unpaid amounts.

Additionally, Mr. Swope is the holder of eight percent (8%) equity in FAMCO. As of the June 2005 equity distribution notification delivered to Mr. Swope and five (5) of his colleagues, Mr. Swope's equity was valued at approximately Twelve Million Dollars ($12,000,000.00). Since he was involuntarily forced out of FAMCO, Mr. Swope is entitled to

# SESSIONS LAMBERT SELWYN LLP

Attorneys and Counselors

Mr. Joe Gallagher
January 2, 2007
Page 2 of 3

the payment of the fair market value of that equity as of the date of his separation from FAMCO, plus interest.

In addition, FAMCO perfunctorily forced Mr. Swope from his office and has refused to surrender to him many personal effects, art work, and files that have considerable tangible and intangible value. FAMCO has wrongfully retained possession, and effected a conversion, of Mr. Swope's personal effects, artwork, valued at over $100,000, a television and desk chair from his office. Further, while portions of his files were shipped to him, albeit at an incorrect address, there are a number of items missing that were apparently withheld, including FAMCO's March 2002 offer letter to Mr. Swope, the June 2005 equity distribution letter and several years of tax documents.

This letter also constitutes a formal demand for the immediate return of Mr. Swope's personal effects, including all missing papers from his files. Further, this letter constitutes a formal demand that FAMCO, its officers, directors, equity holders, employees, agents and all others acting in concert with FAMCO or under its direction or control refrain from destroying, altering, or spoiling any and all documents, data, and other tangible items that relate or pertain, directly or indirectly, with Mr. Swope, all information relating or pertaining to his work at FAMCO, all email and other communications relating or pertaining to Mr. Swope and his clients, and all business records and documents relating or pertaining to financial operations of FAMCO and commissions earned by to paid to members, equity holders, employees, agents and other persons employed or compensated by FAMCO, that came into existence since April 1, 2002.

Mr. Swope would prefer to avoid the necessity of filing a lawsuit to collect the amounts due and owing and to secure the return of his personal property. In order to avoid a lawsuit, which will be filed in Austin, Texas, formal demand is made that FAMCO immediately: 1) deliver all personal property belonging to Mr. Swope to this attorney's office, in the same condition as it was left with FAMCO; and, 2) immediately tender payment to Mr. Swope the amount of Fourteen Million Dollars ($14,000,000.00), plus interest at six (6) percent from the dates that each sum stated above became due and payable to Mr. Swope. In the event FAMCO fails to completely comply with this legal demand, we will recommend that Mr. Swope initiate a lawsuit naming FAMCO and all responsible parties as defendants, seeking an accounting of the value of FAMCO and all amounts owed to Mr. Swope, recovery of the principal amounts due and owing, return of his personal property and files, plus the maximum allowable interest, court costs, and reasonable attorney's fees.

Please promptly and courteously comply with this request so that FAMCO may avoid the unpleasant and costly experience of litigation. In the event that you desire to

# SESSIONS LAMBERT SELWYN LLP

Attorneys and Counselors

Mr. Joe Gallagher
January 2, 2007
Page 3 of 3

communicate with Mr. Swope or this attorney, please do so at the address or phone number stated above.

Sincerely,

William L. Sessions

William L. Sessions

WLS:ep

Copy: Mr. Jeff Swope

Exhibit
B

RECEIVED

JAN 2 2 2007

By W/S

Stanley G. Schroeder
314.746.4835
sschroeder@lowenbaumlaw.com

THE **LOWENBAUM** PARTNERSHIP, L.L.C.

January 15, 2007

William L. Sessions
Sessions Lambert Selwyn LLP
1700 Pacific Avenue, Suite 2250
Dallas, Texas 75201

> **Re:    Jeffery Swope/Fiduciary Asset Management, LLC**

Dear Mr. Sessions:

Please be advised that we have been retained by Fiduciary Asset Management, LLC ("FAMCO") in connection with issues relating to Jeffrey Swope ("Swope"). All future contact regarding this matter should be through me at the phone number and address set forth above.

I am in receipt of your January 2, 2007 letter to Mr. Gallagher. It is clear from your letter that your client has not provided you with a factually accurate description of his dealings with FAMCO. This letter will provide you with the information you need to determine that Swope has no "claims" against FAMCO.

**Commissions and Termination of Employment.** Swope had no employment agreement with FAMCO. Upon his termination of employment, he was paid all amounts due him in accordance with FAMCO's policies and procedures. Your demand for a payment in excess of $2,000,000 has no merit and is not consistent with the terms of Swope's employment with FAMCO.

Mr. Swope had absolutely no entitlement to "commissions," as you describe them, nor any other right to post-termination of employment compensation – other than amounts which he (through Prytania Partners) has been paid which pertained to pre-termination of employment periods. As you well know, Mr. Swope's additional compensation came in the form of LLC distributions to Prytania Partners. He did not receive payments of "commission income." We further find it interesting that after years of receiving distributions in this manner, after years of having maintained financial records showing that Prytania Partners was receiving LLC distributions and after years of having filed tax returns reflecting these payments as LLC distributions, Swope now suddenly has concluded that was receiving "commissions."

As I am sure that you are quite aware, Prytania Partners' entitlement to further distributions is a function of its rights under the FAMCO LLC operating agreement. As noted below, its rights to distributions came to an end with the termination of its, and Swope's (Prytania's) membership interest (if any), in FAMCO.

Even accepting, *arguendo*, your erroneous characterization of moneys paid to Swope as "commissions," Missouri law is quite clear that a representative such as Swope is not entitled to commissions with respect to business/operations/sales performed **after** termination of employment. Revenue in the investment management business is earned, i.e. sales occur, as clients are serviced and investment management services are rendered on a daily, weekly, quarterly basis. Accordingly, even if he was receiving "commissions" on FAMCO fees earned, those commissions hinged on continued

William L. Sessions
January 15, 2007
Page 2

FAMCO performance. Accordingly, he would have no entitlement to "commissions" on fees earned after termination of his employment; he only would be entitled to commissions on sales – revenue generation based upon management services rendered – which were completed prior to his termination of employment. *Kaskowitz v. Commerce Magazine, Inc.*, 793 S.W. 2d 628. 630 (Mo. App. E.D. 1990); *Slusher v. Mid-America Broadcasting.* 811 S.W. 2d 443, 445-446 (Mo. App. S.D. 1991).

Moreover, this presumed right to receive post-termination payments of "commissions" is based upon an alleged "employment agreement" which does not exist.

As to your mischaracterization of Swope's termination (i.e., that he was "summarily terminated without cause"), our client gains no advantage by debating your misrepresentation. Nevertheless, recounting a few of the events which led to his termination would be beneficial to you so that you can gain some appreciation for the level of duplicity that our client experienced – and that we expect you will experience – in dealing with Swope. For example,

- Swope had a distasteful habit of continuously supporting his outrageously expensive lifestyle through the unauthorized use of a Company credit card. This was contrary to the card's purpose and FAMCO policy not to mention the continuous administrative hassle caused while FAMCO waded through the morass of Swope's personal expenditures to separate the wheat of *bona fide* business expenses from the chaff of his high living. Swope was directly admonished to cease and desist, yet almost immediately after agreeing to do so, he charged $85,000 in personal expenses to the card.

  Moreover, while trying to cover his tracks about this use, he flatly lied to the Company's Chief Operating Officer by denying that he used the card.

- One of Swope's primary duties was ensuring that the marketplace – particularly major investment advisory and consulting firms – was fully apprised about FAMCO products, performance and its process. This is very important to FAMCO marketing efforts since these firms are a major source of referral and information for clients. Despite the critical importance of this task to the firm's growth, Swope simply did not do the work and then lied about having done so. Swope directly told FAMCO's chief executives that he was meeting with and educating these firms about FAMCO products and performance. Our client later learned from the firms whom Swope reportedly had contacted that they had not seen nor heard of or from him.

  Swope, likewise, did not follow through with another major aspect of his duties – maintaining contact with and servicing intermediaries to encourage product growth among them.

- While Swope was employed by FAMCO, it enjoyed outstanding performance in a number its products. Yet Swope was unable to successfully market FAMCO offerings while competitor firms – with lesser performing products – enjoyed tremendous growth. Swope's response was simply to avoid his unresponsiveness by concluding that business development is "nonlinear."

- Swope was tasked with developing a specific marketing plan with measurable targets and objectives. Despite constantly assuring management that such plan had been formulated, had

87822

William L. Sessions
January 15, 2007
Page 3

> been developed, was nearly complete, etc., Swope never met the task nor delivered on his
> promises.

These are but a sampling of the deceitful and ineffective nature of Swope's performance. In essence, our client's well-founded belief is that Swope contributed little. In retrospect, our client's opinion is that Swope was exorbitantly compensated for having accomplished virtually nothing. We believe that Swope took advantage of the firm's culture which relied upon the integrity of each member to perform the tasks assigned and truthfully report and evaluate progress. We believe he then preyed upon the trusting nature of the organization to shirk his duties and hide behind the momentum that FAMCO's performance generated to collect huge LLC distributions while adding no value.

**Ownership Interests in FAMCO.** Swope (actually, Prytania Partners) held a Class B membership interest in FAMCO. This limited interest entitled him (Prytania) to receive periodic distributions in amounts that were recommended by FAMCO's Manager and approved by the FAMCO Class A Members – in their discretion. During the four year term of Swope's employment with FAMCO, distributions in excess of $3,000,000 were paid to Prytania Partners, including a distribution of $263,988 that was paid shortly after Swope ceased to be employed by FAMCO with respect to pre-termination activities of FAMCO..

FAMCO's operating agreement clearly provides that when Swope ceased to be employed by FAMCO for any reason, FAMCO was to redeem Swope's (Prytania Partners') membership interest and Swope (Prytania) was only entitled to receive the balance of his capital account. He is not entitled to any fair market value buyout or any further compensation, distributions or value with respect to the Class B interest. That interest ended. This is clear from the LLC Operating Agreement, which was provided to Swope and which you can easily review.

In connection with Swope's termination of employment, Swope received – via distribution to Prytania Partners – all amounts which would have been credited to his capital account. No amounts were allocated to Swope's (Prytania's) capital account which have not been distributed. Accordingly, Swope is entitled to no further payments and his (Prytania's) membership interest has been cancelled.

**Swope's Personal Effects.** FAMCO did not "perfunctorily" force Swope from his office and FAMCO has not refused to send Swope his personal effects.

Swope was not in FAMCO's offices for several months prior to his departure and has never presented at FAMCO's offices since his departure. Following his termination, the Company made calls to and left messages at all of the numbers which it had for Swope. None of these calls were returned. The Company finally determined to send his personal files to its last address of record, i.e. 901 West 9th Street, Unit 410, Austin, Texas 78703, but only after having left messages at all of Swope's phone numbers requesting instructions about how to proceed and how to forward his belongings. Of course, none of these calls was returned.

FAMCO continues to hold a television and desk chair and some "artwork" that belong to Swope. FAMCO has not converted this property; however, since it has received no instructions on disposition and no arrangements have been made for the items to be picked up, FAMCO has merely held them awaiting instructions. If Swope wishes to arrange for their pick up, please advise. FAMCO has no interest in keeping this stuff, but it will not stand the cost of delivery.

87822

William L. Sessions
January 15, 2007
Page 4

As to his personal files, all that were in Swope's office were previously sent to him. FAMCO has no tax or other documents belonging to Swope.

We consider Swope's separation from FAMCO as having been handled properly and consistent with applicable law. But for Swope arranging for disposition of his personal effects, FAMCO considers this a closed matter.

At the end of the day, Swope was terminated for unsatisfactory performance. He was deceitful; he oversold his abilities; he grossly underperformed versus reasonable expectations; he failed to develop business; he even failed to develop a plan to grow the business. Ultimately, he did precious little to enhance Company value. Mr. Swope was handsomely paid, and overpaid, for what he did. As opposed to complaining about not receiving further monies, he should be pleased to have received so much for having contributed comparatively little.

At this point, FAMCO is thankful that the Jeffrey Swope experiment has ended and has no further desire to pursue the matter further. Should Swope choose to litigate, then his true ineptitude and duplicity will be exposed. We hope this letter assists you in more accurately assessing your representation. Based upon the conclusions you have recited, it is obvious to us that your client has spun a fairy tale regarding his association with FAMCO.

If Swope insists on bringing a meritless claim in your jurisdiction against FAMCO, we are sure you are aware that Texas jurisprudence would deal quite harshly with pretenders and those who bring frivolous, unsubstantiated claims.

Very truly yours,

Stanley G. Schroeder

SGS:mkc

cc:    Charles D. Walbrandt
       Joseph Gallagher

87822

Exhibit
C

# SESSIONS LAMBERT SELWYN LLP

Attorneys and Counselors

William Lewis Sessions
Attorney at Law
*Board Certified — Civil Trial Law*
*Texas Board of Legal Specialization*

Direct Telephone: (214) 217-8855
Direct Fax: (214) 217-8856
E-mail: lsessions@ slslaw.net

✦ *1700 Pacific Avenue,*
*Suite 2250*
*Dallas, Texas 75201*
*Tel: (214) 217-8888*
*Fax: (214) 217-8851*

———— ✦ ————

*1600 Smith Street,*
*Suite 4050*
*Houston, Texas 77002*
*Tel: (713) 650-3850*
*Fax: (713) 650-3851*

*slslaw.net*

July 2, 2007

*US Mail and Electronic Mail*
Matthew B. Robinson
The Lowenbaum Partnership, LLC
222 South Central Avenue, Ste. 901
St. Louis, Missouri, 63105

> Re:  Fiduciary Asset Management, LLC  v. Jeff Swope
> In the United States District Court, Eastern District of Missouri,
> Eastern Division, Civil Action No. CV-07-301
> Matter No. 20017.0001

Dear Mr. Robinson:

I am in receipt of your June 1, 2007, and June 25, 2007, correspondence that indicates you sent same directly to Mr. Swope at his home address in New York City and then carbon copied me on same. While I thank you for forwarding me this information, I am sure you that you are more than well aware that Rule 4.2 of the Missouri Code of Professional Responsibility prohibits you from communicating with someone who you know to be represented by counsel. As this firm has always maintained that it represents Mr. Swope, it was inappropriate for you to send Mr. Swope your June 25, 2007, correspondence. Your letter also contains legal advice and opinions in that correspondence which begs the question of whether or not you are actually attempting to counsel my client. Furthermore, although you may be authorized by the New York Civil Practice Law and Rules ("CPLR") to mail a copy of the Missouri Complaint and Summons to Mr. Swope, you are, again, not authorized to counsel my client on the law in New York. Your June 1, 2007, correspondence does just that and as it stands, is incorrect.

In this regard, although service documents that are on file with the United States District Court, Eastern District of Missouri, Eastern Division indicate that the Summons and Complaint was left on Mr. Swope's door on May 15, 2007, Mr. Swope has indicated that 1) the process server actually broke into the building to attempt this service and was escorted out of the building by the New York Police Department; and 2) that the doorman apparently took whatever was left on the door and handed it to the police. Mr. Swope has indicated that he was out of town that weekend and has to date, never seen a copy of the Summons and Complaint your process server attests he served upon Mr. Swope. As such, Mr. Swope has never been properly served in this case and therefore, he has no obligation to answer the Missouri action by July 5, 2007, as your June 1, 2007, letter so states. If you file a motion for default judgment against Mr. Swope in the above referenced matter, it will

# SESSIONS LAMBERT SELWYN LLP

Attorneys and Counselors

Matthew Robinson
July 2, 2007
Page 2

_____

be vigorously contested, inclusive at any attempt to seek reimbursement for your attempted service efforts as your stated charge for same is unreasonable and unnecessary.

Mr. Robinson, while I appreciate the fact that your process servers are employed to diligently attempt to serve my client with a copy of the Missouri Summons and Complaint, the rules contemplate lawful and reasonable efforts. My client can be legally served at: 150 E. 52nd Street, 11th Floor New York, NY 10022. The reasonableness and necessity of the service charge is vigorously contested. Hopefully, you will attempt to effectuate proper service upon Mr. Swope before filing any further papers with the Court in the above referenced action.

If you have any questions or concerns with the above, please do not hesitate to contact me directly.

Sincerely,

William Lewis Sessions

WLS:baa

cc:     Jeff Swope (email)

Exhibit
D



Crosby & Higgins LLP

July 31, 2007

Jonathan Hochman, Esq.
Schindler Cohen & Hochman LLP
100 Wall Street,
15th Floor
New York, New York 10005
(212) 277-6300

Matter No. 31100-101

**Via Hand Delivery**

Re:     *Jeffrey O. Swope v. Fiduciary Asset Management, LLC*
        *Index No. 109027/2007*

Dear Mr. Hochman:

Please find enclosed for service in the above-referenced matter, a copy of the Notice and Substitution of Attorney and my Notice of Appearance. Kindly contact me at (646) 452-2300 if you have any questions or would like to discuss.

Sincerely,

Todd A. Higgins, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY O. SWOPE,

           Plaintiff,

       -against-

FIDUCIARY ASSET MANAGEMENT, LLC.,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 109027/2007

**NOTICE AND
SUBSTITUTION OF
ATTORNEY**

    PLEASE TAKE NOTICE that Plaintiff Jeffrey O. Swope acknowledges and consents to the substitution of Todd A. Higgins of Crosby & Higgins LLP, 500 Fifth Avenue, Suite 1410, New York, New York 10110 as counsel of record in this action in the place of Sessions Lambert Selwyn, LLP, 1700 Pacific Avenue, Suite 2250, Dallas, Texas 75201.

Dated:     July 30, 2007

                 Jeffrey O. Swope, Plaintiff

I consent to the above substitution.

Dated:     July 30, 2007

                 Jennifer R. Lindsey

## Affirmation of Service

The undersigned attorney, duly admitted to the Courts of this State, affirms under penalties of perjury that on July 31, 2007 she caused the attached Notice And Substitution of Attorney to be served upon Defendant by hand delivering it in a sealed envelope to the following counsel of record for Defendant.

Jonathan Hochman, Esq.
Schindler Cohen & Hochman LLP
100 Wall Street,
15th Floor
New York, New York 10005
(212) 277-6300

Dated:  New York, New York
        July 31, 2007

Vanessa P. Hickey

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY O. SWOPE,

            Plaintiff,

      -against-

FIDUCIARY ASSET MANAGEMENT, LLC.,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 109027/2007

**NOTICE OF APPEARANCE**

PLEASE TAKE NOTICE that Todd A. Higgins of Crosby & Higgins LLP has been retained as counsel for Plaintiff and requests that all papers in this action be served upon the undersigned at the office and post office address stated below.

Dated: July 31, 2007
     New York, NY

                        Todd A. Higgins

                        CROSBY & HIGGINS LLP
                        500 Fifth Avenue, Suite 1410
                        New York, NY 10110
                        Tel: (646) 452-2300
                        Fax: (646) 452-2301

## **Affirmation of Service**

The undersigned attorney, duly admitted to the Courts of this State, affirms under penalties of perjury that on July 31, 2007 she caused the attached Notice of Appearance to be served upon Defendant by hand delivering it in a sealed envelope to the following counsel of record for Defendant.

Jonathan Hochman, Esq.
Schindler Cohen & Hochman LLP
100 Wall Street,
15th Floor
New York, New York 10005
(212) 277-6300


Dated:  New York, New York
        July 31, 2007



                                        Vanessa P. Hickey

Exhibit
E

### CERTIFICATE OF SERVICE

I, Vanessa P. Hickey, hereby certify that on this 31st day of July, 2007, I caused a true and correct copy of the Motion for Admission *pro hac vice* to be served on the party listed below by shipping the motion via Federal Express to:

Stanley G. Schroeder,
Robert W. Stewart,
The Lowenbaum Partnership, L.L.C.
222 South Central Avenue, Suite 901
Clayton, MO 63105
*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: New York, New York
        July 31, 2007

                                              Vanessa P. Hickey, Esq.

## UNITED STATES DISTRICT COURT- EASTERN DISTRICT OF MISSOURI

| E-FILING REGISTRATION FORM |
| --- |

Complete Part A, **including your**
**original signature**, and present it to the Clerk's Office at the address below. This form cannot be submitted electronically, but it can be filled out on-line at http://www.moed.uscourts.gov/cmecf/Form_EFilingRegistration.pdf.

Name: Todd A. Higgins

Firm: Crosby & Higgins LLP

Address: 500 Fifth Avenue, Suite 1410

City/State/Zip: New York, New York 10110

Phone: 646-452-2300

Fax: 646-452-2301

E.D. Missouri Bar Number: _____

Date of Birth: 5/29/72

Appointment Types: ☐ Criminal   ☑ Gen. Civil
☐ Employment ☐ All

**PART A. I request access to the District Court Electronic Case Filing (ECF) system.**

Primary e-mail address: thiggins@crosbyhiggins.com

Secondary e-mail address: N/A

E-mail software used: outlook

☐ I have an existing PACER account.

☑ My firm has an existing PACER account.

*A PACER account is necessary for viewing electronic documents.* (http://pacer.psc.uscourts.gov)

**NOTE: Local rules may be found at:**
http://www.moed.uscourts.gov/CMECF/CMECF_loclrule.pdf

☐ I CERTIFY THAT I AM A MEMBER IN GOOD STANDING OF THE BAR OF THIS COURT AND I AM FAMILIAR WITH THE ELECTRONIC FILING RULES OF THE EASTERN DISTRICT OF MISSOURI.

☐ I AM A GOVERNMENT ATTORNEY EXEMPT FROM MEMBERSHIP PURSUANT TO LOCAL RULE 83-12.01 BUT I AM FAMILIAR WITH THE ELECTRONIC FILING RULES OF THE EASTERN DISTRICT OF MISSOURI.

☑ I HAVE FILED A MOTION FOR (OR HAVE BEEN GRANTED) ADMISSION PRO HAC VICE IN CASE # 4:07-cv-301-HEA AND I AM FAMILIAR WITH THE ELECTRONIC FILING RULES OF THE EASTERN DISTRICT OF MISSOURI.

☐ ATTORNEYS IN MULTI-DISTRICT LITIGATION CASES IN THIS COURT ARE NOT REQUIRED TO FILE A MOTION FOR ADMISSION PRO HAC VICE. I AM AN ATTORNEY OF RECORD IN MDL CASE # _____ AND I AM FAMILIAR WITH THE ELECTRONIC FILING RULES OF THE EASTERN DISTRICT OF MISSOURI.

By registering under this rule, attorneys consent to electronic service *by the court* of all documents, including orders and judgments. See Local Rule 5-2.12, Fed.R.Civ.P. 5, Fed.R.Civ.P. 77, and Fed.R.Crim.P. 49.

Attorney's signature: _____

**\*\*YOUR LOGIN/PASSWORD WILL BE MAILED TO YOU AFTER THE FORM HAS BEEN PROCESSED. THIS IS YOUR ELECTRONIC SIGNATURE FOR ECF. PLEASE MAINTAIN ACCESS TO THIS INFORMATION.\*\***

Return this form *via hand delivery or via mail* to:

**Clerk, U.S. District Court**
**E-Filing Registration**
**111 South Tenth Street, Rm. 3.300**
**St. Louis, MO  63102**

Court Use Only
E-Filing Login Assigned: _____

E-Filing Password Assigned: _____

☐ "You are registered" e-mail sent   ☐ Copy of form mailed to attorney
☐ Attorney's e-mail record updated   ☐ **Copy of form to OSU**

---

## PART B.   *APPLICATION FOR E-FILING EXEMPTION*

Pursuant to Local Rule 3-2.10, I hereby state that I do not have the technical capacity to file documents with the Court electronically at this time, and therefore ask for a 90 day exemption from electronic filing requirements. I will notify the Court when my circumstances change. I understand that I must submit the CM/ECF requirements questionnaire to support my exemption request (questionnaire available on the court's website at www.moed.uscourts.gov).

Attorney's signature: _____   Date: _____

Attorney's name (**please print**): _____   Phone number: _____

*************************************************(For Court Use Only)*************************************************

☐ REQUEST IS DENIED   _____   Date: _____

☐ REQUEST IS GRANTED   _____   Date: _____

Revised 6/14/07

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                        :
FIDUCIARY ASSET MANAGEMENT, LLC.,                       :
                                                        :
                    Plaintiff,                          :      Civil Action No. 4:07-cv-301-
                                                        :      HEA
          -against-                                     :
                                                        :
                                                        :
JEFFREY O. SWOPE,                                       :
                                                        :
                    Defendant.                          :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

## **VERIFIED MOTION FOR ADMISSION PRO HAC VICE**

Pursuant to Rule 12 of the local rules of the United States District Court for the Eastern

District of Missouri, I, Todd A. Higgins, move to be admitted *pro hac vice* to the bar of this court

for the purpose of representing Defendant, Jeffrey O. Swope in this matter. In support of this

motion, I submit the following information as required by Rule 12.01(E):

    (a) Full name of the movant-attorney: Todd A. Higgins;

    (b) Address, telephone number and fax number of the movant-attorney: 500 Fifth Avenue,

        Suite 1410, New York, New York 10110; (phone) 646-452-2300; (fax) 646-452-2301;

    (c) Name of the firm or letterhead under which the movant practices: Crosby & Higgins

        LLP;

    (d) Name of the law school(s) movant attended and the date(s) of graduation therefrom:

        Fordham University School of Law, 2001;

    (e) Bars, state and federal, of which the movant is a member, with dates of admission and

        registration numbers, if any:

Connecticut - Date of Admission: 2003; Juris No. 421409

New York - Date of Admission: 2002; Registration No. 4038949

United States District Court for Connecticut: 2004 (CT25508)

United States District Court for the Southern District of New York: 2005 (TH7920)

(f) The movant is a member in good standing of all bars of which movant is a member; the

movant is not under suspension or disbarment from any bar;

(g) Movant does not reside in the Eastern District of Missouri, is not regularly employed in

this district and is not regularly engaged in the practice of law in this district.

Movant attests under penalty of perjury the truth and accuracy of the foregoing facts, and respectfully requests that this motion be granted and that the movant be admitted *pro hac vice* to the bar of the court to appear in the instant matter.

_____

Todd A. Higgins, Esq., Movant



Exhibit
F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FIDUCIARY ASSET MANAGEMENT, LLC, )
                                  )
            Plaintiff(s),         )
                                  )
    vs.                           )          Case No.   4:07CV00301 HEA
                                  )
JEFFREY O SWOPE,                  )
                                  )
            Defendant(s).         )

## ENTRY OF DEFAULT BY CLERK OF COURT

Upon request of plaintiff it appearing that defendant, Jeffrey O. Swope failed to appear or

otherwise defend as provided by the Federal Rules of Civil Procedure, the undersigned hereby

enters the default of defendant Jeffrey O. Swope pursuant to Rule 55(a) of the Federal Rules of

Civil Procedure.




                                JAMES G. WOODWARD, CLERK
                                BY: /s/ Lori Miller-Taylor

        Dated this 1st day of August, 2007.

Exhibit
G

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X

JEFFREY O. SWOPE,

                     Plaintiff,

           vs.

FIDUCIARY ASSET MANAGEMENT, L.L.C.,

                   Defendant.

---------------------------------------------------------------- X

Case No. 07 CV 6921

(Removal from the New York Supreme Court, County of New York, Index No. 109027/07)

### DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Fiduciary Asset Management, L.L.C. ("Defendant" or the "Company"), by its attorneys Schindler Cohen & Hochman, LLP, hereby removes to this Court the lawsuit filed by Plaintiff, Jeffrey O. Swope ("Plaintiff" or "Swope"), against the Company in the New York Supreme Court, County of New York, Index No. 109027/07. In support of removal, Defendant states as follows:

1.      On June 29, 2007, Plaintiff filed this civil action against Defendant in the New York Supreme Court, County of New York. A copy of all processes, pleadings, and orders served upon Defendant in this action is attached hereto as ***Exhibit A***, in accordance with 28 U.S.C. § 1446(a).

2.      Defendant was served with process in this action on July 5, 2007.

3.      In accordance with 28 U.S.C. § 1446(b), Defendant has filed timely this notice of removal within less than 30 days after its receipt of Plaintiff's original complaint.

{00032852}

4.    In its Complaint, Plaintiff alleges his citizenship is in the State of New York. Plaintiff resides at 210 East 68th Street, Apt. 8AB, New York, New York 10021. Exhibit A (Complaint) ¶¶ 1, 4, 16.

5.    Plaintiff further accurately alleges that the Company is a corporation organized under the laws of the State of Missouri with its principal place of business in the State of Missouri. Defendant's principal place of business is located at 8112 Maryland Avenue, Suite 400, St. Louis, Missouri 63105. Exhibit A (Complaint) ¶ 2.

6.    Plaintiff has alleged actual damages of no less than $15,720,000 and punitive damages in excess of $250,000. Exhibit A (Complaint) ¶¶ 25-36 and Prayer for Relief.

7.    Because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

8.    Defendant will, after filing this Notice of Removal, promptly give notice thereof to Plaintiff and Defendant will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, as provided by law.

10.    In accordance with Local Rule 81.1(b), Defendant shall file with the Court Clerk a copy of all records and proceedings in the state court.

WHEREFORE, Defendant, having established diversity of citizenship jurisdiction, removes this action and respectfully requests such other and further relief as this Court finds to be just and proper.

Dated: New York, New York
August 1, 2007

SCHINDLER COHEN & HOCHMAN LLP

By: _____
Jonathan L. Hochman  (JH 7072)
Matthew A. Katz  (MK 4252)

100 Wall Street
15th Floor
New York, New York  10005
(212) 277-6330
(212) 277-6333 (facsimile)

**OF COUNSEL:**

Stanley G. Schroeder
Robert W. Stewart
The Lowenbaum Partnership, L.L.C.
222 South Central Avenue, Suite 901
Clayton, MO 63105
(314) 746-4835 – Direct
(314) 746-4825 – Direct
(314) 863-0092 - Main
(314) 746-4848 - Fax
sschroeder@lowenbaumlaw.com
rstewart@lowenbaumlaw.com

*Attorneys for Defendant*
*Fiduciary Asset Management, L.L.C.*